544 S.E.2d 827

**In the Matter of Maria REICHMANIS, Respondent.**

**No. 25269.**

Supreme Court of South Carolina.

Submitted Feb. 13, 2001.
Decided March 26, 2001.

Henry B. Richardson, Jr., Susan M. Johnston, and Deborah S. McKeown, all of Columbia, for the Office of Disciplinary Counsel.

Maria Reichmanis, pro se, of Aiken.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a sanction of an admonition or a public reprimand. We accept the Agreement and impose a public reprimand. The facts as admitted in the Agreement are as follows.

## *Facts*

### I. Patent Matters

Respondent was retained by two clients to obtain patents from the United States Patent and Trademark Office (PTO). The first client paid respondent an $800 fee. On behalf of the client, respondent performed research and drafted an amended patent application, which was filed with the PTO in April 1997. Respondent communicated with her client in April and May 1997, regarding the status of the application, but then took no further action on the application until early 1999 when she was contacted by the client's spouse regarding the status of the matter. Respondent sent a status letter to the PTO in March 1999, which was copied to the client. Since that time, respondent has taken no further action nor communicated with the client regarding the application. The client, as well as another patent attorney hired by the client, attempted to communicate with respondent on several occasions, but respondent failed to respond to their inquiries.

The second client paid respondent a $2,295 fee. Respondent met with the client and thereafter prepared a patent application, which was filed on June 4, 1996. Respondent communicated with the client on several occasions in June and July 1996, but took no further action in the case until October 1998, when she received a phone call from the patent examin-

er. The examiner asked why respondent had not responded to the PTO's "Office Action," which had been sent to respondent. Respondent claimed she never received the "Office Action." The examiner faxed the document to respondent, who claims she immediately wrote a letter advising the client of the "Office Action" and requested the client contact respondent if the client wished to pursue the matter. However, respondent cannot present any documentation to support her claim that she communicated with the client regarding the "Office Action." Respondent did not respond to the "Office Action" and has taken no further action in this case. The client attempted to communicate with respondent, but respondent failed to answer the inquiries.

## II. Failure to Respond to Disciplinary Counsel

Respondent failed to respond to Disciplinary Counsel's initial inquiries, *Treacy* [1] letters, or Notices of Full Investigation regarding both client matters. After several phone calls to respondent's office and home, respondent contacted Disciplinary Counsel, but she could provide no legitimate reason for her failure to respond to the inquiries. Disciplinary Counsel ultimately subpoenaed respondent pursuant to Rule 19(c)(4), RLDE, in order to obtain a response in these matters.

### *Law*

By her conduct, respondent has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1)(violating the Rules of Professional Conduct); Rule 7(a)(3)(failing to respond to a lawful demand from a disciplinary authority); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6)(violating the oath of office taken upon admission to practice law in this state).

Respondent has also violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall

---

1. *Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982).

keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); Rule 8.1 (failing to respond to a lawful demand for information regarding a disciplinary matter); Rule 8.4(a) (violating the Rules of Professional Conduct); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

## *Conclusion*

█ Respondent acknowledges her misconduct, and has not been previously sanctioned for misconduct. We accept the Agreement for Discipline by Consent and reprimand respondent for her conduct in these matters.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.