554 S.E.2d 868

**In the Matter of Dirk J. KITCHEL, Respondent.**

**No. 25372.**

Supreme Court of South Carolina.

Heard Sept. 27, 2001.

Decided Nov. 5, 2001.

Cameron L. Marshall, of Charleston, for Respondent.

Attorney General Charles M. Condon and Assistant Attorney General Tracey C. Green, both of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, the Commission on Lawyer Conduct (the Commission) filed formal charges against Respondent Dirk J. Kitchel. Respondent did not respond by way of answer or motion to the charges. The subpanel granted the Commission's motion to hold respondent in default and deemed respondent's failure to respond to the formal charges an admission of the factual allegations. The subpanel's order notified respondent he could present mitigating evidence at the hearing.

Respondent appeared at the hearing before the subpanel. He admitted he did not timely respond to the two complaints filed against him. Respondent further admitted he did not timely respond to the Notice of Full Investigation.

The subpanel made the following findings of fact.

## *Matter I*

1. In February 1998, Wife retained respondent to handle a no-fault divorce. Although Wife had already prepared the complaint, respondent failed to timely file the divorce petition.

2. Subsequently, Husband filed a complaint against Wife. Respondent did not respond to Wife's attempts to contact him. Consequently, Wife filed a *pro se* answer to the complaint.

3. The day before the hearing, respondent notified Wife of the hearing, even though respondent received notice of the hearing two weeks earlier. Wife was out-of-state and unable to attend the hearing.

4. Respondent attended the hearing. He did not ensure the property distribution was resolved at the hearing.

5. Although aware personal property had not been delivered from Husband to Wife, respondent did not correct the finding in the final order that all property had been divided to the satisfaction of the parties.

6. Respondent failed to forward a copy of the final divorce decree to Wife.

7. Respondent did not properly respond to Wife's inquiries or provide her with her file as requested.

## *Matter II*

1. On February 1, 1999, the Court suspended respondent from the practice of law for failure to pay bar dues. On May 4, 1999, the Court suspended respondent from the practice of law for failure to comply with CLE requirements.

2. The Court lifted the suspension for CLE non-compliance in June 1999 but did not lift the suspension for failure to pay bar dues until August 23, 1999. During the time which respondent was suspended for failure to pay bar dues, he represented Wife and other clients.

## *Matter III*

1. Respondent failed to respond to the initial notice of Wife's complaint and to the subsequent letter by disciplin-

ary counsel sent pursuant to *In re Treacy,* 277 S.C. 514, 290 S.E.2d 240 (1982).

2. Respondent failed to timely respond to the Notice of Full Investigation. He responded only after contacted by an Attorney to Assist Disciplinary Counsel.

## Matter IV

1. Respondent was retained to represent Client to obtain a bond reduction. Respondent appeared on Client's behalf at two bond reduction hearings.

2. Client's Sister (Sister) filed a complaint against respondent in October 1999.[1]

3. Respondent failed to respond to the initial notice of Sister's complaint and to the subsequent letter by Disciplinary Counsel sent pursuant to *In re Treacy, id.*

## Other Matters

1. On two occasions in 2000 respondent submitted two checks to the CLE Commission. Both checks were returned for insufficient funds.

2. A bank closed an account maintained by respondent because he failed to satisfy the bank's advance of funds in payment of a check drawn on respondent's account.

The subpanel determined respondent committed misconduct in violation of the following: 1) Rule 7(a)(1), RLDE, Rule 413, SCACR, by violating the Rules of Professional Conduct, Rule 407, SCACR; 2) Rule 7(a)(3), RLDE, Rule 413, SCACR, by failing to respond to a lawful demand for a response from a disciplinary authority; 3) Rule 1.1, RPC, Rule 407, SCACR, by failing to provide competent representation; 4) Rule 1.2, RPC, Rule 407, SCACR, by failing to consult with a client and failing to abide by a client's wishes; 5) Rule 1.3, RPC, Rule 407, SCACR, by failing to diligently represent a client; 6) Rule 1.4, RPC, Rule 407, SCACR, by failing to properly communicate with a client; 7) Rule 1.15, RPC, Rule 407, SCACR, by failing to safekeep a client's property; 8) Rule 5.5, RPC, Rule 407, SCACR, by engaging in the unauthorized

---

1. As noted by disciplinary counsel at the subpanel hearing, there was no evidence of misconduct in the underlying complaint.

practice of law; 9) Rule 8.1(b), RPC, Rule 407, SCACR, by failing to respond to a demand for information from a disciplinary authority; and 10) Rule 8.4(a), RPC, Rule 407, SCACR, by violating the Rules of Professional Conduct.

The subpanel recommended respondent be suspended from the practice of law for 90 days, participate in a law office management program, and pay the costs of the proceeding. The panel adopted the subpanel's report.

■ Because respondent failed to answer the formal charges against him, he is deemed to have admitted the factual allegations in the document. Rule 24(a), RLDE, Rule 413, SCACR. Accordingly, the only issue before the Court is the appropriate sanction. *Matter of Thornton,* 327 S.C. 193, 489 S.E.2d 198 (1997).

In the past, the Court has imposed a range of discipline for similar misconduct. *In re Reichmanis,* 344 S.C. 404, 544 S.E.2d 827 (2001) (neglect of patent applications and failure to respond to disciplinary counsel warranted public reprimand); *In re Strait,* 343 S.C. 312, 540 S.E.2d 460 (2000) (misconduct including, among others, failing to act diligently, failing to return client telephone calls, failing to inform client of dismissal of case, failing to return client materials upon request, and failing to timely respond to correspondence from disciplinary counsel warranted six month and one day suspension); *In re Blackmon,* 344 S.C. 83, 543 S.E.2d 559 (2001) (failure to communicate properly with clients on two occasions, neglect to ensure that client received a court order in a timely fashion and failure to properly explain order to client warranted public reprimand); *In re Hall,* 341 S.C. 98, 533 S.E.2d 588 (2000) (neglect of legal matters, practicing law while under suspension, and failure to respond to disciplinary authority warranted disbarment); *In re Meeder,* 327 S.C. 169, 488 S.E.2d 875 (1997) (engaging in practice of law while under suspension, coupled with failure to provide competent representation, act with reasonable diligence and promptness in representing client, keep client reasonably informed about status of matter and promptly comply with reasonable requests for information, explain matter to extent reasonably necessary to permit client to make informed decisions regard-

ing representation, or cooperate with disciplinary investigation warranted disbarment).

Under the circumstances of this case, we deem a sixty day suspension from the practice of law the appropriate sanction. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of this Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR (duties following disbarment or suspension). Respondent shall also pay costs of $189.89 associated with this proceeding. Costs shall be remitted to the Office of Disciplinary Counsel within thirty days of the date of this opinion.

In addition, respondent shall participate in a law office management assistance program (LOMAP), substantially similar to the LOMAP previously provided by the South Carolina Bar, and meet the following conditions: 1) within thirty days of his suspension, respondent shall contract with a private attorney to implement the program; 2) respondent shall submit the name of the private attorney to disciplinary counsel and obtain disciplinary counsel's written approval of the selected private attorney; 3) respondent shall participate in the program until the private attorney certifies to disciplinary counsel that respondent has completed the program; 4) respondent is responsible for all costs associated with the program; and 5) failure to complete the program may be an independent basis for imposition of further sanction.

**DEFINITE SUSPENSION.**