604 S.E.2d 381

**In the Matter of Dirk J. KITCHEL, Respondent.**

No. 25881.

Supreme Court of South Carolina.

Submitted Oct. 5, 2004.

Decided Oct. 25, 2004.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Dirk J. Kitchel, pro se, of Charleston.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21,

RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to any sanction up to an eighteen month suspension from the practice of law. *See* Rule 7, RLDE, Rule 413, SCACR. We accept the agreement and impose a definite suspension of eighteen months from the practice of law. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

In 2000, respondent was paid a retainer of approximately $5,000 to represent Client A in defense of federal drug charges. During the time that respondent represented Client A, Client A was also represented by Attorney Newman in an unrelated matter. In the course of that representation, Mr. Newman obtained approximately $2,268.90 on Client A's behalf. In November 2000, Mr. Newman forwarded those funds to respondent in trust for Client A. At the time the funds were forwarded to respondent, Mr. Newman notified respondent of his claim to attorney fees from those funds. Client A claimed he did not owe Mr. Newman any money and refused to allow respondent to disburse funds to him.

When respondent did not receive a copy of a written agreement between Client A and Mr. Newman concerning the funds, respondent disbursed the funds to Client A and to himself without holding in trust the amount claimed by Mr. Newman. Respondent did not prepare a written accounting of the disbursement of these funds.

Investigation of the complaint was referred to an Attorney Appointed to Assist Disciplinary Counsel (ATA). The ATA notified respondent of his appointment by letter dated November 25, 2002, requesting respondent contact him within thirty days to arrange for a meeting. Respondent failed to respond or otherwise communicate with the ATA in response to his November 25, 2002 letter. On December 26, 2002, the ATA sent respondent a second letter, again requesting his contact within thirty days. This letter was sent to respondent by certified mail and receipt was confirmed. Respondent failed to respond or otherwise communicate with the ATA following receipt of the December 26, 2002 letter.

Respondent did respond to the initial inquiries of ODC in this matter. However, he failed to respond to the Notice of Full Investigation served on him on June 26, 2003. Respondent subsequently appeared pursuant to Rule 19(c)(4), RLDE, Rule 413, SCACR, and responded to the allegations on the record.

## Matter II

In June 2002, Mrs. B paid respondent a retainer of approximately $2,500 to represent her son, Client B, in a post-conviction relief matter. Respondent fully investigated the case and adequately communicated with his client about the investigation. When Mrs. B and Client B became dissatisfied with the time it was taking for a hearing to be scheduled, Mrs. B terminated respondent's representation. Respondent failed, however, to confirm the termination with Client B and failed to seek a withdrawal from the matter with the court.

Respondent was notified of the complaint by letter from ODC. The letter requested a response within fifteen days. Respondent did not respond to the letter or to a subsequent letter sent pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982). Respondent also failed to respond to the Notice of Full Investigation served on him on June 27, 2003. Respondent subsequently appeared pursuant to Rule 19(c)(4), RLDE, Rule 413, SCACR, and responded to the allegations on the record.

## Matter III

On September 24, 2002, respondent was paid a retainer to represent Client C in a federal criminal case. Client C entered a guilty plea on November 4, 2002 and was scheduled to be sentenced at a March 4, 2003 hearing. Respondent had no contact with his client following the plea. Respondent did not provide him with a copy of the presentence report.

Because respondent was not diligently collecting his mail and because his office telephone had been disconnected, respondent did not receive the notice of the sentencing hearing and, therefore, failed to appear. Telephone calls were placed from the clerk of court's office to respondent, but he could not

be reached. The presiding judge appointed new counsel to represent Client C in the sentencing phase of his case.

Respondent was notified of the complaint by letter from ODC which requested a response within fifteen days. Respondent did not respond to that letter or a subsequent inquiry sent pursuant to *In the Matter of Treacy, id.* Respondent also failed to respond to the Notice of Full Investigation served on June 27, 2003. Respondent subsequently appeared pursuant to Rule 19(c)(4), RLDE, Rule, 413, SCACR.

### Matter IV

In November 2002, Client D paid respondent approximately $585 to handle a bankruptcy matter. Respondent competently and diligently represented Client D, however, the bankruptcy was dismissed because Client D did not produce certain documentation required by the trustee. Client D demanded respondent refund his retainer and provide him with his client file. Respondent did not refund the fee as he felt it had been earned. However, respondent did not send Client D his client file.

Respondent was notified of the complaint by letter from ODC which requested a response within fifteen days. Respondent did not respond to that letter or a subsequent inquiry sent pursuant to *In the Matter of Treacy, id.* Respondent also failed to respond to the Notice of Full Investigation served on June 27, 2003. Respondent subsequently appeared pursuant to Rule 19(c)(4), RLDE, Rule, 413, SCACR.

### Matter V

Client E paid respondent a retainer to assist him in defense of driving while intoxicated charges pending in Georgia. At the time respondent was retained, he was not licensed to practice law in Georgia. Although respondent advised Client E that he was not licensed in Georgia and that he could only try to get the matter continued until a deal could be made or Georgia counsel could be retained, respondent did not confirm this arrangement in writing.

Respondent sent a request to the clerk of court for a continuance of the hearing. Respondent called to confirm receipt and was informed that the request was denied. Re-

spondent informed Client E that he needed to retain an attorney licensed in Georgia and that his hearing was not continued. Neither respondent nor Client E appeared at the hearing. As a result, Client E's license was suspended.

Respondent was notified of the complaint by letter from ODC which requested a response within fifteen days. Respondent did not respond to that letter or a subsequent inquiry sent pursuant to *Matter of Treacy, id.* Respondent also failed to respond to the Notice of Full Investigation served on July 31, 2003. Respondent subsequently appeared pursuant to Rule 19(c)(4), RLDE, Rule, 413, SCACR.

Respondent acknowledges he should have confirmed both the limited scope of his representation and the status of Client E's case in writing. Although his failure to do so did not violate the Rules of Professional Conduct, respondent acknowledges that documentation of this communication with his client would have been the better practice.

## Matter VI

Client F hired respondent to represent her in a bankruptcy matter. She was unable to pay the full fee at the first meeting and agreed in writing that respondent would not file until his retainer and costs were paid in full. Respondent proceeded to collect the necessary documentation and to prepare the forms for filing. The file was complete when Client F made her final payment, however, respondent failed to file the petition on her behalf. Respondent ceased his work on Client F's file without notice to her, without refunding her fees and costs, and without returning her client file.

Respondent was notified of the complaint by letter from ODC. The letter requested a response within fifteen days. Respondent did not respond to that letter. Respondent also failed to respond to the Notice of Full Investigation served on him on August 19, 2003. Respondent subsequently appeared pursuant to Rule 19(c)(4), RLDE, Rule 413, SCACR, and responded to the allegations on the record.

## Matter VII

Client G consulted with respondent about a bankruptcy matter in September 2002. She was unable to pay the full

154

$500 fee and $200 costs at the first meeting. She paid $200 and agreed in writing that respondent would not file until he was paid in full. Respondent proceeded to collect the necessary documentation and to prepare the forms for filing. In April 2003, the file was completed when Client G made her second payment of $250. Respondent informed Client G that he would not file until the final payment of $250 was received. Client G did not pay and respondent did not file. Client G telephoned respondent on a couple of occasions; respondent admits he did not return the calls.

Respondent failed to respond to the Notice of Full Investigation served on him on August 19, 2003. Respondent subsequently appeared pursuant to Rule 19(c)(4), RLDE, Rule 413, SCACR, and responded to the allegations on the record.

## *Matter VIII*

Mrs. H filed a complaint regarding the manner in which respondent was handling her son's, Client H's, case. A copy of the complaint was provided to respondent on February 3, 2004, along with a request for a written response to the allegations within fifteen days. Respondent did not comply. Respondent did respond to the Notice of Full Investigation.

## *LAW*

Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(3) (lawyer shall not knowingly fail to respond to a lawful demand from a disciplinary authority), Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law), and Rule 7(a)(6) (lawyer shall not violate the oath of office taken upon admission to practice law). In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall

keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.5 (lawyer's fee shall be reasonable); Rule 1.15(a) (lawyer shall hold property of clients or third persons separate from lawyers own property; complete records of account funds shall be kept by the lawyer); 1.15(b) (upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person); Rule 1.16 (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, and surrendering papers and property to which the client is entitled); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 8.1(b) (lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice).[1] Finally, respondent admits he violated the financial recordkeeping provisions of Rule 417, SCACR.

## CONCLUSION

We accept the Agreement for Discipline by Consent and impose a definite suspension of eighteen months from the practice of law. Respondent's request the suspension be made retroactive to the date of his interim suspension is denied. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.[2]

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

1. Respondent was previously suspended for sixty days due to misconduct which violated many of these same provisions. *In the Matter of Kitchel*, 347 S.C. 291, 554 S.E.2d 868 (2001).

2. Respondent acknowledges his reinstatement, if any, will be subject to Rule 33, RLDE, Rule 413, SCACR, including Rule 33(f)(3). Moreover,

respondent shall not be reinstated until he has paid the costs of these proceedings, which includes $208.00 in court reporter fees and $22.10 in postage.