22774

In the Matter of John Alexander GAINES.

(360 S. E. (2d) 313)

Supreme Court

*Atty. Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Richard B. Kale, Jr.*, and *Asst. Atty. Gen. Samuel L. Wilkins*, Columbia, *for complainant.*

*Kenneth W. Gaines*, Columbia, and *Theo W. Mitchell*, Greenville, *for respondent.*

Heard June 9, 1987.

Decided Aug. 24, 1987.

*Per Curiam:*

This is a consolidated attorney grievance matter. In the first case the Hearing Panel recommended a private reprimand. The Executive Committee recommended suspension for ninety (90) days. In the second case the Hearing Panel and the Executive Committee both recommended respondent be disbarred. Based on our independent review of both records, we believe indefinite suspension is the appropriate sanction.

First, the respondent is charged with failing to cooperate with and respond to the Board of Commissioners on Grievances and Discipline in regard to his role in the preparation of a deed and his failure to pay a court reporter's bill.

Respondent admitted the factual allegations of the complaint but alleged matters in mitigation and denied he failed to cooperate with and respond to the Board. The Panel concluded respondent had not committed an independent act of professional misconduct in preparing the deed or in failing to pay the court reporter's bill. However, the Panel found respondent guilty of conduct unbecoming an attorney by failing to cooperate with the Board.

Secondly, respondent is charged with various acts of misconduct arising out of three (3) separate incidents. The complaint alleges (1) respondent and one of his employees or agents contacted a witness in a criminal matter and offered her money to drop the criminal charges against one of respondent's clients; (2) respondent notarized a forged signature on a verification form and submitted it, along with a summons and petition, to the circuit court; and, (3) respondent failed to properly and timely account for the funds of a client. Respondent denied the allegations and offerred explanations for his conduct. The Panel found respondent's actions were improper and constituted misconduct.

This Court has previously ordered respondent be publicly reprimanded for neglecting a legal matter entrusted to him and handling a legal matter without adequate preparation. *Matter of Gaines,* 279 S. C. 531, 309 S. E. (2d) 5 (1938).

The authority to determine the appropriate sanction for attorney misconduct rests solely with this Court. *Matter of Green,* 291 S. C. 523, 354 S. E. (2d) 557 (1987); *Burns v. Clayton,* 237 S. C. 316, 117 S. E. (2d) 300 (1960).

Respondent's actions reflect a pattern of unprofessional conduct and demonstrate his present unfitness to practice law. However, because we do not foreclose the possibility that respondent may rehabilitate himself and become capable of practicing law again, we believe indefinite suspension is the appropriate sanction.

It is therefore ordered that respondent be indefinitely suspended from the practice of law in accordance with Rule 7A(2) of the Rule on Disciplinary Procedure. Within ten (10) days respondent shall surrender to the Clerk of the Supreme

Court the certificate admitting him to practice, and shall comply with all applicable rules of the Court.

Indefinite suspension.