24262

In the Matter of Daniel N. BALLARD, Respondent.
(458 S.E. (2d) 545)

Supreme Court

*Attorney General Charles M. Condon* and *Asst. Deputy Atty. Gen. J. Emory Smith, Jr.,* Columbia *for complainant.*

---

[7]We need not address the other issues raised by the parties in the appeal.

*Daniel N. Ballard,* Greenville, *pro se.*

Heard Mar. 21, 1995.

Decided June 19, 1995.

*Per Curiam:*

In this attorney grievance Respondent has failed to file an Answer or Responsive Pleading. The charges of ethical violations are deemed admitted.

The Complaint charges Respondent with ethical violations in two separate matters.

## I. *Jennie Campbell Matter*

Respondent failed to pay Jennie Campbell, a court reporter, deposition charges in the amount of $221.40, despite receiving bills on July 20, 1993, September 2 and 27, 1993, November 6, 1993, and December 29, 1993. In response to several long distance calls to Respondent, Campbell was told, falsely, that her check was in the mail. On December 29, 1993, Campbell notified Respondent that, unless payment was received within ten days, she would forward a Complaint to the "South Carolina Bar Association." When no reply was received, she filed a Complaint with the Board of Commissioners on Grievances and Discipline on March 16, 1994.

Letters from the Board to Respondent dated April 15 and May 10, 1994, requesting a reply to the Campbell grievance were not replied to. Subsequent letters dated May 18 and June 3, 1994, were, likewise, unanswered. Further efforts by the Board to contact Respondent were ignored.

## II. *Debra Fowler Matter*

In August 1993, Respondent was retained by Ms. Fowler, a defendant in a civil case. He was paid 3,000.00 for the representation.

Respondent defaulted on the Answer to the Complaint and otherwise failed to handle the case competently. When Respondent failed to answer Ms. Fowler's phone calls, she sought, unsuccessfully, to have her fee returned.

Despite repeated efforts, including many phone calls and several visits, Ms. Fowler has received from Respondent a refund in the amount of $1,000.00 only.

The Board has received no response from several letters sent to Respondent.

Respondent received a suspension for one year in a separate matter prior to the two grievances here.[1] In the present grievances Respondent has not filed an Answer nor requested to be heard in mitigation. The Executive Committee concluded that, as a result of Respondent's default, a Panel Hearing was not required, and that Respondent effectively admitted the allegations in the Complaint. It recommended that Respondent be indefinitely suspended. *See* Paragraphs 12(B) and 13(C) of Rule 413, SCACR.

The sole authority for disciplining attorneys is vested in this Court. *Matter of Solomon*, 307 S.C. 1, 413 S.E. (2d) 808 (1992). In *Matter of Acker*, 308 S.C. 338, 417 S.E. (2d) 862, 864 (1992), we held that suspensions are appropriate when clients have been prejudiced by counsel's neglect and failure to cooperate with the Board.

As a result of Respondent's conduct set forth above, we find that he admits to:

1. Appropriating client's funds to his own use (Rule 1.15, Rule 407, SCACR);

2. Failing to deliver promptly to a client or third party funds that he or she was entitled to receive (Rule 1.15);

3. Failing to render promptly a full accounting regarding property of the client or third person (Rule 1.15);

4. Engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation (Rule 8.4(b));

5. Knowingly making a false statement of fact to the Board and this Court (Rule 3.3(a)(1));

6. Failing to provide competent representation to a client; failing to act with reasonable diligence and promptness in representing a client (Rule 1.3);

7. Failing to keep a client reasonably informed about the status of a matter and failing to comply promptly with reasonable requests for information (Rule 1.4(a));

8. Failing to cooperate with the investigation of the Board; violating the Rules of Professional Conduct (Rule 8.4(a));

9. Engaging in conduct prejudicial to the administration of justice (Rule 8.4(e));

---

[1] *In the Matter of Daniel N. Ballard*, 312 S.C. 227, 439 S.E. (2d) 846 (1994).

10. Engaging in conduct tending to pollute the administration of justice or to bring the courts or legal profession into disrepute, and engaging in conduct demonstrating unfitness to practice law (Rule 413, § 5(E)); and

11. Engaging in conduct demonstrating a lack of professional competence in the practice of law (Rule 1.1 and Rule 413, § 5(E)).

It is, therefore, ordered that Respondent be indefinitely suspended from the practice of law in this State. This suspension shall be retroactive to January 10, 1994, the date on which he was first suspended. Respondent shall file an affidavit with the Clerk of Court, within fifteen (15) days of the date of this Opinion, showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Indefinite suspension.