538 S.E.2d 4

**In the Matter of K. Douglas THORNTON, Respondent.**

**No. 25199.**

Supreme Court of South Carolina.

Submitted Aug. 22, 2000.

Decided Sept. 25, 2000.

---

R. Bentz Kirby, of Columbia, for respondent.

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an agreement pursuant to Rule 21, Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension of six months and one day. We accept the agreement.[1]

The facts in the agreement are as follows:

Respondent failed to promptly pay court-related expenses on two occasions. In the first incident, respondent failed to pay a $450 court reporter's fee in a timely fashion. Although the court reporter telephoned respondent's office numerous times after the statement for the fee became past-due, respondent failed to respond. Respondent also failed to respond to telephone calls regarding this fee from the judge presiding

---

1. Respondent recently pled guilty in General Sessions Court to a charge of failing to file a South Carolina income tax return. On February 15, 2000, respondent was placed on interim suspension as a result of this violation. *In the Matter of Thornton,* 339 S.C. 22, 528 S.E.2d 657 (2000). This Court subsequently imposed a definite suspension for a period of ninety days. *In the Matter of Thornton,* 340 S.C. 392, 532 S.E.2d 282 (2000).

over the underlying matter. The court reporter filed a complaint with the Commission on Lawyer Conduct after attempts to reach respondent were unavailing. Respondent failed to pay the court reporter's fee until after he received a Notice of Full Investigation from the ODC. Further, respondent failed to respond to the Commission's requests for a reply in this matter.

In the second matter, respondent failed to pay a $134.15 fee from another court reporter in a timely fashion. Respondent promised the court reporter on numerous occasions that payment would be forthcoming. However, respondent failed to make payment until after he received notice of the court reporter's complaint from the ODC.

Respondent has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (violating a Rule of Professional Conduct); and Rule 8.4(e) (engaging in conduct that is prejudicial to the administration of justice).

Respondent has also violated the following Rules for Lawyer Disciplinary Enforcement: Rule 7(a)(1) (violating a Rule of Professional Conduct); Rule 7(a)(3) (willfully violating a valid order of the Commission on Lawyer Conduct); and Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice, bringing the legal profession into disrepute, or demonstrating an unfitness to practice law).

Respondent has been disciplined by this Court for similar misconduct on prior occasions. Respondent was issued a Letter of Caution with a finding of minor misconduct in June 1998 for failing to pay a court reporter's fee of $335.31 in a timely fashion. Respondent was also disciplined in December 1998 for failing to pay two court reporters in a timely fashion. As a result of those violations, respondent entered into a Deferred Disciplinary Agreement with the Commission whereby he entered and successfully completed the Law Office Management Program of the South Carolina Bar.

Respondent's current violations, coupled with his history of prior violations, indicate a disturbing pattern of misconduct with regard to the payment of court reporter fees. Accordingly, we hereby suspend respondent from the practice of law

for six months and one day. This suspension shall be retroactive to the date of interim suspension imposed in the income tax matter. Respondent shall neither apply nor be eligible for reinstatement to the practice of law prior to successfully completing the terms of any probation and/or incarceration imposed as a result of the income tax matter. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, Rule 413, SCACR.

DEFINITE SUSPENSION.