559 S.E.2d 577

**In the Matter of John A. GAINES, Respondent.**

**No. 25400.**

Supreme Court of South Carolina.

Heard Dec. 13, 2001.
Decided Jan. 28, 2002.
Rehearing Denied March 6, 2002.

Attorney General Charles M. Condon, and Assistant Attorney General Tracey Colton Green, both of Columbia, for the Office of Disciplinary Counsel.

John A. Gaines, pro se.

PER CURIAM:

In this attorney disciplinary matter, the Commission on Lawyer Conduct filed formal charges against respondent. Respondent filed an answer admitting the allegations. A hearing, at which respondent did not appear, was convened before a panel of the Commission on Lawyer Conduct. The Panel recommended he receive a two-year definite suspension.

## FACTS

### *Prior Disciplinary History*

Respondent was given a public reprimand on November 8, 1983. *In re Gaines,* 279 S.C. 531, 532, 309 S.E.2d 5 (1983) (noting respondent's conduct of neglecting to timely accomplish necessary tasks for his clients and failing to adequately prepare for representation of his clients demonstrated "an intolerable degree of ineptitude and indifference").

On August 24, 1987, respondent, who was facing the possibility of disbarment, was indefinitely suspended from the practice of law. *In re Gaines,* 293 S.C. 314, 360 S.E.2d 313 (1987). He was indefinitely suspended for conduct unbecoming to an attorney by failing to cooperate with and respond to the disciplinary investigation, and for three other acts of misconduct: (1) contacting a witness in a criminal matter and offering the witness money to drop the criminal charges against his client; (2) notarizing a forged signature on a verification form and submitting it, along with a summons and

petition, to the circuit court; and, (3) failing to properly and timely account for the funds of a client. In that decision, the Court noted respondent's actions reflected a pattern of unprofessional conduct and demonstrated his unfitness to practice law. However, the Court did "not foreclose the possibility that respondent may rehabilitate himself and become capable of practicing law again." *Gaines*, 293 S.C. at 315, 360 S.E.2d at 314.

He was reinstated by order of the Court on October 5, 1993. Thereafter, on May 5, 1998, he received a private admonition.

## Financial Matters

In numerous instances, respondent wrote checks for personal and business expenses directly from his escrow account while he was using the account as his general operating account. During the period of June 1996 through August 1997, he had sixteen negative balances and sixteen checks returned for insufficient funds. Further, he had sixteen negative balances, six checks returned for insufficient funds, and eight overdrafts between January 1999 and October 1999.

## Williams Matter

Respondent was retained to represent Mr. Williams regarding an employment discrimination claim. However, he failed to properly communicate and establish the terms of his representation as to who was responsible for serving subpoenas on necessary witnesses. The Panel found respondent was not diligent in ensuring the required witnesses were subpoenaed to appear at trial. Further, respondent subpoenaed a doctor to testify without previously contacting the doctor, in contravention of an agreement between the local Bar Association and the medical profession.

## Washington Matter

Respondent accepted a fee to represent Mrs. Washington; however, he failed to perform the work for which the fee was accepted. When Mrs. Washington's son requested the return of the fee, respondent executed a promissory note in favor of Mrs. Washington. He failed to make payment on the note on

the stated due date. He returned the fee only after a judgment was obtained against him in magistrate's court.

## *Bacote Matter*

Respondent was retained to represent Ms. Bacote regarding her workers' compensation claim. Although Ms. Bacote suffered no prejudice, respondent was late for a hearing on the claim. Subsequently, although respondent was able to submit the matter for consideration on the briefs, he failed to appear at an appeals hearing on Ms. Bacote's workers' compensation award. The Panel found he failed to maintain and supervise his employees with regard to maintaining a system for alerting him of pending court dates and conflicts.

## *Legette Matter*

Respondent was retained to represent Mr. Legette regarding an employment discrimination claim. Respondent failed to meet various filing deadlines. After missing a number of the deadlines, he attempted to file virtually the same document with a different title.

Respondent also failed to file proper objections to the Magistrate Judge's Report and Recommendation, instead repackaging as his objections a memorandum that previously was excluded from consideration by the Magistrate Judge. The United States District Court rejected the repackaged memorandum, noting that it "constitute[d] a blatant attempt to circumvent the Magistrate Judge's April 30, 1997 order striking the filing." The district court also noted for the record, respondent's "demonstrated history . . . of filing untimely and improper pleadings not permitted under the Federal Rules of Civil Procedure or the Local Rules."

Respondent subsequently improperly filed two Notices of Appeal from the federal district court's order. The Panel found he ultimately failed to perfect the appeal because he had not read the Federal Rules of Appellate Procedure, the Fourth Circuit Rules, and the applicable orders issued by the district court.

*Byrd, Kolberg, Culp, and Kelly Matters*

Alice Byrd, Betty Kolberg, Terrie J. Culp, and Andrea R. Kelly, all court reporters, rendered services to respondent. Respondent failed to pay for the services even though the court reporters requested that he do so in each matter. In the Culp matter, Ms. Culp contacted respondent's office at least fifteen times for payment; however, the Panel found he either ignored these contacts or made unfulfilled promises to pay the fee. The Panel found although he has now paid the court reporters, he did not do so until after they filed disciplinary complaints.

Formal charges were not filed against respondent in the Kelly matter; however, respondent stipulated the matter could be considered here. Although Ms. Kelly made numerous requests for payment, respondent failed to pay the fee. Ms. Kelly was forced to file an action against him in magistrate's court to obtain payment.

*McCray Matter*

Respondent was retained to represent Ms. McCray for a $1,075.00 fee. The Panel found he failed to take any action on her behalf, including filing a summons and complaint, until after she filed a disciplinary complaint.

**Panel's Findings**

Regarding the financial matters, the Panel found respondent failed to comply with the following record-keeping requirements as delineated by Rule 417, SCACR: failure to maintain on a regular basis a receipt and disbursement journal as required by Rule 417(a)(1); failure to maintain the proper accountings to clients or third persons showing the disbursement of funds to them or on their behalf as required by Rule 417(a)(4); failure to consistently maintain checkbook registers or check stubs as required by Rule 417(a)(7); failure to perform and maintain copies of monthly reconciliations of his trust accounts with the statements received from financial institutions as required by Rule 417(a)(8); failure to maintain adequate records to identify each item deposited into his escrow account as required by Rule 417(b)(1); and the making

of withdrawals from his escrow account by check payable to "Cash," in violation of Rule 417(b)(2).[1]

Regarding the other matters, the Panel found the following violations of Rule 7(a) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: (1) violating the Rules of Professional Conduct, Rule 7(a)(1); (2) engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law, Rule 7(a)(5); and (3) violating the oath of office taken upon admission to practice law in this state, Rule 7(a)(6).

The Panel further found respondent violated certain rules from the Rules of Professional Conduct, Rule 407, SCACR. The Panel found violations of Rule 1.1, failure to provide competent representation; Rule 1.2, failure to consult with a client and abide by the client's wishes; Rule 1.3, failure to diligently represent a client; Rule 1.4, failure to properly communicate with a client; Rule 1.15, failure to safekeep a client's property; and Rule 8.4, violation of the Rules of Professional Conduct. The Panel also found respondent had violated the provisions of Rule 417, SCACR, regarding financial record-keeping.

The Panel recommended respondent be suspended from the practice of law for a definite period of two years, and that he be directed to pay the costs of the proceedings against him. Because the misconduct before the Panel included misconduct similar to that for which respondent was previously disciplined, the Panel felt a more severe sanction was warranted. The Panel denied respondent's motions for reconsideration and for a new hearing.

## DISCUSSION

The authority to discipline attorneys and the manner in which discipline is given rests entirely with the Supreme Court. *In re Long*, 346 S.C. 110, 551 S.E.2d 586 (2001). The Court may make its own findings of fact and conclusions of law, and is not bound by the recommendation of the Panel. *In*

---

1. At the hearing, it was noted that respondent did not have client money in his possession at the time and that he had not lost any client money.

*re Larkin,* 336 S.C. 366, 520 S.E.2d 804 (1999). The Court must administer the sanction it deems appropriate after a thorough review of the record. *Id.*

■ The violations presented here would normally warrant a two-year definite suspension; however, given respondent's prior disciplinary history we find disbarment is the more appropriate sanction. In a past disciplinary matter in which respondent was indefinitely suspended, respondent offered a witness money to drop the criminal charges against his client and notarized a forged signature on a verification form and submitted it to the circuit court. Further, respondent's failures to properly and timely account for the funds of a client and to adequately represent his clients are the same types of misconduct for which respondent has been sanctioned before. We also give weight to the comments made by the United States District Court Judge in the Legette Matter. In that matter, the District Court Judge noted respondent's "demonstrated history ... of filing untimely and improper pleadings not permitted under the Federal Rules of Civil Procedure or the Local Rules," and that respondent had made "a blatant attempt to circumvent" a Federal Magistrate's order.

The sanction of disbarment has been imposed by this Court in similar cases involving multiple acts of misconduct. *See, e.g., In re Godbold,* 336 S.C. 568, 521 S.E.2d 160 (1999) (attorney disbarred for failing to remit settlement funds to clients, failing to remit funds to clients' medical providers, failing to pay bills, and failing to file state and federal tax returns); *In re Glee,* 333 S.C. 9, 507 S.E.2d 326 (1998) (attorney disbarred for converting client funds for his own purposes, failing to provide competent representation, failing to comply with demand for payment, and failing to act with reasonable diligence).

Consequently, we disbar respondent and order him to pay the costs of the disciplinary proceedings. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of the Rules for Lawyer Disciplinary Enforcement.

**DISBARRED.**