569 S.E.2d 337

**In the Matter of John G. O'DAY, Respondent.**

**No. 25513.**

Supreme Court of South Carolina.

Submitted July 2, 2002.

Decided Aug. 12, 2002.

222

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

Desa A. Ballard, of West Columbia, for respondent.

PER CURIAM.

## INDEFINITE SUSPENSION

In this attorney disciplinary matter, respondent and Disciplinary Counsel entered into an agreement pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of an indefinite suspension as set forth in Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and indefinitely suspend respondent from the practice of law. However, the indefinite suspension is not retroactive to the date respondent was placed on interim suspension.[1] The facts as admitted in the agreement are as follows.

### Facts

#### I. Matter A

Respondent was employed by a law firm in South Carolina ten years ago, first as an associate, then as a partner, until June 2000. Approximately five years ago, partners of the firm discovered financial irregularities relating to funds paid to respondent by clients on behalf of the firm. The firm's practice was that all fees received by an employee from any

---

1. Respondent was placed on interim suspension by order of this Court dated April 9, 2001.

client were to be deposited into the operating account of the firm. No employee was authorized to retain any portion of the fees.

Respondent acknowledged to the firm that he had retained money belonging to the firm. The firm estimated that respondent retained approximately $120,000 in fees.

The firm allowed respondent to continue partnership status in exchange for respondent agreeing to repay the firm a sum of $60,000. The parties agreed that this sum constituted full repayment of the loss to the firm due to respondent's retention of the client fees. Respondent repaid the entire amount. However, in the spring of 2000, the firm discovered more irregularities relating to respondent's mishandling of firm funds. The firm discovered that respondent retained approximately $30,000 of additional fees which respondent knew were the property of the firm. Thereafter, respondent resigned from the firm and started a law practice as a sole practitioner.

Respondent admits that he retained firm funds for his own use and does not dispute the firm's estimates of the amounts withheld. Respondent states that no client funds were misappropriated as all clients were given credit against amounts owed to the firm for all fees paid to him. Disciplinary Counsel does not dispute that representation.

## II. *Matter B*

Respondent agreed to represent client in a criminal matter in which the client was charged with fraudulently stopping payment on a check to Carolina Mobility. Respondent executed a fee agreement pursuant to which client would pay respondent $1,500 if the case went to trial, or $750 if the matter was settled prior to trial. Respondent informed client that he would file a discovery motion but failed to do so. However, in support of a motion for dismissal, respondent represented to the magistrate that the other party failed to respond to discovery. In addition, respondent mistakenly relied on the issue of whether Carolina Mobility had sent a certified letter to the client, thinking that, like a fraudulent check charge, written notice via certified mail was required before charges could be brought against the client.

After the parties settled, client filed a complaint against respondent. When he was informed of the complaint, respondent prepared, submitted, and had issued, an order for the presiding magistrate which stated that client "was pleased with the services of [respondent] in this matter." However, no such testimony was given. Respondent also told Disciplinary Counsel that he made an informal discovery request in the case when no such request was ever made. Finally, respondent charged client a fee of $1,500 even though the case settled prior to trial.

### III.  *Matter C*

Respondent was retained to represent client in a criminal matter. Respondent received notice where the case was to be heard and that a jury strike had been scheduled. However, respondent failed to inform client of the jury strike. Client obtained his file from the attorney appointed to protect clients' interest after respondent was placed on interim suspension and had to retain other counsel to represent him in the matter.

### IV.  *Matter D*

Respondent was retained to represent complainant's son in a criminal matter. The fee paid to respondent included representation through any potential plea or trial. Complainant's son pled guilty and the matter of restitution was held in abeyance. Respondent continued to represent complainant's son in the restitution issue.[2]

### V.  *Matter E*

In this matter, a court reporter seeks payment for a transcript ordered by respondent. Respondent states that the court reporter transcript and statement were received contemporaneous with the closing of his law practice when he was placed on interim suspension and that the statement was given to the attorney appointed to protect clients' interests along with the related client file. Respondent further states that another attorney is now handling the case and anticipates that

---

2.  Although the facts as detailed above are included in the agreement, we find no misconduct on the part of respondent.

the statement will be paid by that attorney at the conclusion of the case. Respondent is unable to pay the statement at the present time and acknowledges that he is ultimately liable for the cost of the transcript.

## VI. *Matter F*

Respondent was retained to represent multiple clients on drug related offenses and was paid a fee to do so. However, respondent was placed on interim suspension and was unable to complete the representation. Respondent was financially unable to refund the unearned fees.

### *Law*

Respondent admits that he has violated Rules 7(a)(1) (violating the Rules of Professional Conduct); 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute; engaging in conduct demonstrating an unfitness to practice law); and 7(a)(6) (violating the oath of office taken upon admission to practice law in this state) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. He also admits he has violated Rules 1.1 (failing to provide competent representation to a client); 1.2 (failing to abide by a client's decisions concerning the objectives of the representation); 1.3 (failing to act with reasonable diligence and promptness in representing a client); 1.4 (failing to keep a client reasonably informed and failing to promptly comply with requests for information); 1.5 (failing to charge reasonable fees); 1.15 (failing to safeguard a client's property); 3.3 (making a false statement to a tribunal); 4.1 (making a false statement of material fact or law to a third person); 8.4(a) (violating the Rules of Professional Conduct); 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); 8.4(c) (engaging in conduct involving moral turpitude); 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and 8.4(e) (engaging in conduct that is prejudicial to the administration of justice) of the Rules of Professional Conduct, Rule 407, SCACR.

### *Conclusion*

We accept the Agreement for Discipline by Consent and find that the facts set forth in the agreement warrant an indefinite suspension from the practice of law. However, the suspension is not retroactive to the date respondent was placed on interim suspension. Prior to reinstatement to the practice of law, the burden of proof shall be on respondent to demonstrate that any and all amounts that might be due to his former clients in Matters A, B, C, D, E, and F have been fully paid. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.