610 S.E.2d 493

**In the Matter of K. Douglas THORNTON, Petitioner.**

Supreme Court of South Carolina.

March 2, 2005.

## ORDER

After pleading guilty to one count of willful failure to make and file a state income tax return, petitioner was placed on interim suspension. *In the Matter of Thornton*, 339 S.C. 22, 528 S.E.2d 657 (2000). As a result of his conviction, petitioner was thereafter suspended from the practice of law for ninety (90) days, retroactive to the date of his interim suspension.[1] *In the Matter of Thornton*, 340 S.C. 392, 532 S.E.2d 282 (2000).

In September 2000, petitioner was suspended from the practice of law for six months and one day for failure to pay court reporter fees. *In the Matter of Thornton*, 342 S.C. 440, 538 S.E.2d 4 (2000). This suspension was retroactive to the date of petitioner's interim suspension in the tax matter. *Id.* This suspension provided petitioner would not be eligible for reinstatement until completing the terms of any probation and/or incarceration imposed in the tax matter. *Id.*

In 2002, the Court suspended petitioner from the practice of law for nine (9) months for misconduct which included accepting a loan from a client, failing to properly submit an invoice for attorneys' fees with the Social Security Administration, and failing to properly obtain and execute a judgment. *In the Matter of Thornton*, 349 S.C. 55, 562 S.E.2d 316 (2002).

Petitioner filed this petition to be reinstated to the practice of law pursuant to Rule 33, Rule 413, SCACR. After a hearing, the Committee on Character & Fitness (CCF) filed its Report and Recommendation with the Court. The CCF

---

1. Petitioner was sentenced to one year imprisonment and fined $10,000, suspended upon the payment of a $500 fine, plus assessments and a surcharge, payment of restitution, and completion of 350 hours of public service employment. The sentence included five years probation which terminated upon the completion of the payments and public service requirement.

recommends petitioner be reinstated to the practice of law upon certain conditions. No exceptions were filed.

We accept the CCF's Report and Recommendation and reinstate petitioner to the practice of law subject to the following three conditions:

1.  Prior to his reinstatement, petitioner must submit proof of his compliance with continuing legal education requirements, including payment of fees, for 2003 and 2004. *See* Rule 33(f)(9), RLDE, Rule 413, SCACR (lawyer who has been suspended for nine months or more must provide evidence of good standing with the CLE Commission equivalent to that of active attorneys during the period of the entire suspension).

2.  Subsequent to his reinstatement, petitioner shall remain under the medical care of Dr. James W. Thrasher, Jr., for a minimum of two (2) years. This care shall include anger management treatment. Petitioner shall follow all recommended treatment.

3.  During the first year of petitioner's reinstatement, Dr. Thrasher must submit quarterly reports to the Office of Disciplinary Counsel (ODC). During the second year of petitioner's reinstatement, Dr. Thrasher must submit semi-annual reports to the ODC. Dr. Thrasher's submissions shall report petitioner's treatment and progress. In the event the reports are not filed or petitioner fails to make satisfactory progress with his treatment, ODC shall immediately notify this Court.

IT IS SO ORDERED.

s/ Jean H. Toal, C.J.,
s/ James E. Moore, J.
s/ John H. Waller, Jr., J.
s/ E.C. Burnett, III, J.
s/ Costa M. Pleicones, J.