617 S.E.2d 123

**In the Matter of Marvin P. JACKSON, Respondent.**

**No. 26017.**

Supreme Court of South Carolina.

Submitted June 7, 2005.

Decided July 25, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Marvin P. Jackson, of Florence, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to issuance of a letter of caution, an admonition, or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

On October 23, 2001, respondent was issued a letter of caution with a finding of minor misconduct by the Commission on Lawyer Conduct. That letter of caution arose from a finding respondent failed to timely pay a court reporter.

On November 15, 2002, respondent received an admonition from the Commission on Lawyer Conduct. That admonition arose from an Agreement for Discipline by Consent in which respondent admitted failing to timely pay invoices to a second court reporter. In the Agreement for Discipline by Consent, respondent admitted his conduct violated the Rules of Professional Conduct.

The complainant in the current matter is also a court reporter. This court reporter was hired by respondent's opposing counsel to attend and transcribe respondent's client's deposition. At respondent's request, the complainant provided him with a copy of the transcript. The complainant sent the transcript to respondent in April 2004, along with her invoice of $126.50. Respondent's client did not waive reading and signing at her deposition. The client verified the accuracy of the transcript in May 2004.

Respondent was provided with a final copy of the transcript in June 2004. The complainant alleges she sent respondent another copy of the invoice with her mailing in June 2004. She further alleges she sent a past due notice in August 2004.

Respondent does not recall receiving the past due notice. He does admit receiving a letter demanding payment in October 2004. Respondent paid the complainant's invoice on November 17, 2004, after receiving notice of her complaint.

## LAW

Respondent acknowledges that failure to timely pay a court reporter constitutes grounds for attorney discipline. *See In the Matter of O'Day,* 351 S.C. 221, 569 S.E.2d 337 (2002); *In the Matter of Gaines,* 348 S.C. 208, 559 S.E.2d 577 (2002); *In the Matter of Thornton,* 342 S.C. 440, 538 S.E.2d 4 (2000); *In the Matter of Ballard,* 318 S.C. 507, 458 S.E.2d 545 (1995). Respondent admits that by his misconduct he has violated the Rules of Professional Conduct, Rule 407, SCACR. *See* Rule

1.15 (lawyer shall promptly deliver funds to which a third party is entitled) and Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct) of Rule 407, SCACR. In addition, respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to bring legal profession into disrepute).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.