# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Kenneth C. Krawcheck, Respondent.

Appellate Case No. 2016-001483

Opinion No. 27667
Submitted August 18, 2016 – Filed September 14, 2016

## DEFINITE SUSPENSION

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Kenneth C. Krawcheck, of Charleston, *Pro Se*.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to a definite suspension of three years or disbarment.  Respondent requests that the sanction be made retroactive to the date of interim suspension.[1] Respondent has agreed that within thirty days of imposition of discipline, he will enter into a payment plan with the Commission on Lawyer Conduct to (1) pay the costs incurred by ODC and the Commission in investigating and prosecuting this matter ($196); (2) pay Client C, referenced below, $5,000; (3) pay the court reporter referenced below $711.63; and (4) reimburse the Lawyers' Fund for Client Protection in the amount of $400.27.  Respondent has also agreed to complete the Legal Ethics and Practice Program Ethics School and Trust Account School prior

---

[1] Respondent was placed on interim suspension by order dated July 13, 2012.  *In re Krawcheck*, 398 S.C. 594, 730 S.E.2d 856 (2012).

to reinstatement. We accept the Agreement and suspend respondent from the practice of law in this state for three years, retroactive to the date of his interim suspension. The facts, as set forth in the Agreement, are as follows.

## Facts

## Matter A

By letter dated April 4, 2011, respondent was informed by the South Carolina Commission on Continuing Legal Education and Specialization that he was suspended from the practice of law for failure to comply with the requirements of Rules 408 (compliance with continuing legal education requirements) and 419 (administrative suspension), SCACR. On April 26, 2011, respondent appeared at opposing counsel's office for the taking of three depositions. Respondent did not inform opposing counsel of his suspension. Respondent's suspension was lifted by the Commission on May 18, 2011.

Respondent admits his conduct violated Rule 5.5(a), RPC (a lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction).

## Matter B

In 2010, respondent contracted with a court reporter to provide services for three depositions. Respondent has not paid the court reporter. The amount due is $711.63. Respondent admits his failure to pay the court reporter constitutes misconduct. *See In re Jackson*, 365 S.C. 176, 617 S.E.2d 123 (2005)(failure to timely pay a court reporter constitutes grounds for attorney discipline).

## Matter C

Client C hired respondent to handle a legal matter and paid respondent a $5,000 retainer. Respondent failed to return several messages left by Client C seeking an update on the matter. After continued limited communication, Client C terminated the representation. Respondent has not returned Client C's file or any unused portion of the retainer.

Respondent failed to provide a written response to the complaint filed by Client C, and failed to appear or provide documents in response to a subpoena and notice to appear from ODC.

Respondent admits his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall keep the client reasonably informed about the status of the matter and promptly comply with reasonable requests for information); Rule 1.16 (requirements upon termination of representation); and Rule 8.1 (a lawyer in connection with a disciplinary matter shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority).

## Matter D

The South Carolina Resolution of Fee Disputes Board issued a Certificate of Non-Compliance against respondent in the amount of $5,000 with regard to the refund owed Client C. Respondent has not paid the amount owed.

Respondent admits his conduct constitutes a ground for discipline under Rule 7(a)(10), RLDE (it shall be a ground for discipline for a lawyer to willfully fail to comply with a final decision of the Resolution of Fee Disputes Board).

## Matter E

Respondent has failed to fully reimburse the Lawyers' Fund for Client Protection for funds it remitted to the attorney appointed to protect the interests of respondent's clients upon respondent's interim suspension, as ordered by this Court. Respondent has paid the Fund $100, which leaves an outstanding balance of $400.27.

Respondent admits his conduct constitutes grounds for discipline under Rules 7(a)(3) and (a)(5), RLDE (it shall be a ground for discipline for a lawyer to willfully violate a valid order of the Supreme Court or to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## Conclusion

We hereby suspend respondent from the practice of law in this state for three years, retroactive to the date of his interim suspension. Respondent shall, within thirty days of the date of this opinion, enter into a payment plan with the Commission on Lawyer Conduct to (1) pay the costs incurred by ODC and the Commission in investigating and prosecuting this matter ($196); (2) pay Client C, referenced

above, $5,000; (3) pay the court reporter referenced above $711.63; and (4) reimburse the Lawyers' Fund for Client Protection in the amount of $400.27. Respondent shall complete the Legal Ethics and Practice Program Ethics School and Trust Account School.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**PLEICONES, C.J., BEATTY, HEARN AND FEW, JJ., concur.**

I would accept the Agreement and disbar respondent from the practice of law.

**KITTREDGE, J.**