532 S.E.2d 281

**In the Matter of Cheri L. JONES, Respondent.**

No. 25128.

Supreme Court of South Carolina.

Submitted April 11, 2000.

Decided May 15, 2000.

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

Cheri L. Jones, of Harlingen, Texas, respondent pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement under Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to be suspended from the practice of law for thirty days. We accept the agreement. The facts in the agreement are as follows:

### Auto Accident Matter

Respondent represented client and her husband in connection with an auto accident in which husband was involved in 1994. In December 1995, client was served with a Summons and Complaint filed on behalf of State Farm against the Estate of husband and client individually, seeking the payment of all amounts paid to the injured party. Client promptly delivered the Summons and Complaint to respondent within thirty days.

Respondent failed to answer the Summons and Complaint, to file a motion, or to otherwise enter a responsive pleading on behalf of client. She did not seek to have client stricken from the action on the ground client had been improperly named as an individual defendant in the Summons and Complaint. Respondent did not advise the court that the action against the Estate and client was brought in an improper venue and failed to keep client informed of the status of her case.

In June 1996, respondent terminated her representation of client and accepted an employment position outside of South Carolina. She failed to give client proper notice of the termination of representation and failed to provide client with a copy of her file.

By failing to take any action, a default judgment was entered against client and respondent failed to take any action to have the default judgment against client overturned. Client eventually filed a malpractice action against respondent, during which respondent's insurance carrier paid the judgment against client and paid an additional amount to settle the malpractice action.

## Real Estate Matter

In April 1996, respondent was the closing attorney in a real estate transaction. She failed to prepare a HUD–1 Closing Statement as required by 24 C.F.R. § 3500.8.

## Adoption Matter

In September 1995, Respondent represented client in an adoption action. She drafted and filed a Summons and Complaint to consummate the adoption process that did not comply with South Carolina Code §§ 20–7–1646 to 1897 (the South Carolina Adoption Act). Additionally, the Consent to Adoption and Waiver of Service prepared by respondent did not comply with the South Carolina Adoption Act.

Respondent failed to request, schedule and conduct a final hearing prior to terminating her representation of client. The action was later stricken from the docket and could not be restored since it did not comply with the South Carolina Adoption Act. Since respondent had moved out of South

Carolina, client had to retain new counsel to complete the adoption.

Respondent failed to complete representation of client within a reasonable period of time after she was retained and did not adequately protect client's interest upon termination of representation. Respondent failed to refund any part of her fee until client filed a complaint against her.

### Conclusion

Respondent has violated numerous provisions of the Rules of Professional Conduct, Rule 407, SCACR. She failed to provide competent representation. Rule 1.1. Respondent failed to consult with a client and failed to abide by a client's wishes. Rule 1.2. Respondent failed to diligently represent a client. Rule 1.3. She failed to properly communicate with a client. Rule 1.4. Respondent improperly terminated representation of a client. Rule 1.16. She engaged in conduct prejudicial to the administration of justice. Rule 8.4.

In addition, respondent has violated provisions of the RLDE contained in Rule 413, SCACR, including violation of the Rules of Professional Conduct, Rule 7(a)(1). She has also engaged in conduct tending to bring the legal profession into disrepute. Rule 7(a)(5).

Accordingly, respondent is hereby suspended from the practice of law for thirty days. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR.

DEFINITE SUSPENSION.