540 S.E.2d 460

**In the Matter of W. Allen STRAIT, Respondent.**

**No. 25223.**

Supreme Court of South Carolina.

Submitted Nov. 27, 2000.

Decided Dec. 18, 2000.

Henry B. Richardson, Jr., and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Irby E. Walker, Jr., of Conway, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an agreement pursuant to Rule 21, Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension of six months and one day.[1] We accept the agreement.

---

1. Respondent was placed on interim suspension by order of this Court dated December 2, 1999. *In the Matter of Strait,* 337 S.C. 547, 525 S.E.2d 245 (1999).

*Facts*

## I. Domestic Matters

On two separate occasions, respondent accepted retainers to represent clients in divorce proceedings. Respondent was not diligent in handling these matters. He failed to serve pleadings in one case and failed to forward the divorce order to his client in the other case. Respondent also failed to return phone calls and properly communicate with his clients in these matters.

## II. Bankruptcy Matter

Respondent was retained to represent a client in a bankruptcy proceeding. Respondent was not diligent in his representation. He failed to submit paperwork to the bankruptcy court, which resulted in the dismissal of the client's case. Respondent did not inform the client of the dismissal. Respondent also failed to return phone calls and properly communicate with his client.

## III. Court Reporter Fees

Respondent ordered a transcript from a court reporter, but was delinquent in paying the bill for more than one year. Respondent has since paid the court reporter's bill.

## IV. Failure to Return Client Materials

There were three instances in which respondent failed to return client materials upon request.

In the first matter, respondent was retained to review the corporate books and records for several recently formed corporations. He failed to return these materials upon request of the client. These materials were eventually returned. Respondent also failed to return phone calls and properly communicate with his client.

In a second matter, respondent failed to return documents, upon the client's request, for more than two years. The materials were eventually returned to the client after that client filed a complaint. Respondent also failed to return phone calls and properly communicate with his client.

In a third matter, respondent failed to return several documents to a client. Further, he states that he cannot now locate these materials.

## V. Failure to Cooperate in Investigation

Respondent failed to respond to various items of correspondence from ODC. He failed to respond to letters of inquiry, notices of full investigation, a subpoena, and a notice to appear for examination. Though respondent eventually responded to the inquiries and notices, this did not occur until after the time for compliance had passed.

## VI. Financial Assistance to a Client

Respondent advanced money to a client in order for her to pay her electric bill.

### *Law*

■ By his conduct, respondent has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); and Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

■ Respondent has also violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); Rule 1.8(e) (financial assistance to a client); Rule 1.15 (failure to safeguard client documents); Rule 8.4(a) (violating the Rules of Professional Conduct); and Rule 8.4(e) (conduct prejudicial to the administration of justice).

### *Conclusion*

Respondent has fully acknowledged that his actions in the aforementioned matters were in violation of the Rules of Professional Conduct. We hereby suspend respondent from the practice of law for six months and one day. Prior to petitioning for reinstatement to the practice of law, respondent must provide satisfactory evidence to ODC that he has refunded retainers in full. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, Rule 413, SCACR.

DEFINITE SUSPENSION.