562 S.E.2d 319

**In the Matter of Larry S. DRAYTON, Respondent.**

**No. 25439.**

Supreme Court of South Carolina.

Submitted Feb. 27, 2002.

Decided April 8, 2002.

Henry B. Richardson, Jr., and Michael S. Pauley, both of Columbia, for the Office of Disciplinary Counsel.

Larry S. Drayton, pro se, of Ridgeland.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of any sanction deemed appropriate by this Court. We accept the Agreement and impose a definite suspension of ninety days from the practice of law. The facts as admitted in the Agreement are as follows.

### *Facts*

In 1993, this Court suspended respondent from the practice of law because of his failure to complete the Continuing Legal Education requirements for the year 1992. However, respondent did not surrender his certificate to practice law, as required by the Rules for Lawyer Disciplinary Enforcement. Respondent remained suspended from the practice of law until 1999, when this Court granted his petition for reinstatement.

In December 1997, during the course of his suspension, respondent assisted a non-custodial parent at a child support conference. In connection with this conference, respondent negotiated with a representative from the South Carolina Department of Social Services and signed an order on behalf of the non-custodial parent. Also in December 1997, respondent assisted a friend at a Rule to Show Cause hearing in family court and assisted in establishing a repayment plan.

### *Law*

By his conduct, respondent has violated the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state); and Rule 30(f) (a lawyer who has been suspended from the practice of law shall, within fifteen days after the suspension, surrender his or her certificate of admission to practice law in this state to the Clerk of the Supreme Court).

### *Conclusion*

Respondent has fully acknowledged that his actions in the aforementioned matters were in violation of the Rules for Lawyer Disciplinary Enforcement. We therefore suspend respondent from the practice of law for ninety days. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.