597 S.E.2d 791

**In the Matter of Larry S. DRAYTON, Respondent.**

**No. 25830.**

Supreme Court of South Carolina.

Submitted May 3, 2004.

Decided June 1, 2004.

Henry B. Richardson, Jr., and Michael S. Pauley, both of Columbia, for the Office of Disciplinary Counsel.

Larry S. Drayton, pro se, of Ridgeland.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the sanctions provided by Rule 7, RLDE, Rule 413, SCACR. We accept the agreement and indefinitely suspend respondent from the practice of law in this state. The facts, as set forth in the agreement, are as follows.

## FACTS

### I.

In September 2001, Complainant A retained respondent for the purposes of filing a Chapter 13 bankruptcy petition. Respondent was retained for a fee of $1,600 and, over time,

Complainant A made payments of approximately $1200 towards the retainer.

On April 8, 2002, respondent was suspended from the practice of law for a period of ninety (90) days. *In the Matter of Drayton,* 349 S.C. 60, 562 S.E.2d 319 (2002). Respondent's suspension occurred before Complainant A's meeting with her creditors; respondent did not complete the bankruptcy.

Respondent originally represented to ODC that he would refund $1200 to Complainant A. In June 2002, the United States Bankruptcy Court ordered respondent to repay the attorneys' fees to Complainant A. Respondent did not refund the unearned fee to Complainant A.

## II.

On November 1, 2002, respondent was placed on interim suspension after being charged with possession of crack cocaine. *In the Matter of Drayton,* 352 S.C. 39, 572 S.E.2d 291 (2002). On November 19, 2002, respondent filed a pleading with the circuit court. Thereafter, he filed a second pleading in which he stated he was in good standing with the South Carolina Bar at the time he filed the original pleading. Respondent made this representation to the circuit court with full knowledge that he had been placed on interim suspension nineteen (19) days before he filed the original pleading.[1]

## III.

Respondent admits that, after his interim suspension, he did not timely file the affidavit of compliance required by Rule 30(g), RLDE, Rule 413, SCACR. Additionally, he admits he did not timely move to withdraw from representation of clients before the United States Bankruptcy Court as required by Rule 30(c), RLDE, Rule 413, SCACR.

## LAW

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional

---

1. Although the charge of possession of crack cocaine was nol prossed on February 24, 2004, respondent never moved to have the interim suspension lifted.

Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing clients); Rule 1.4 (lawyer shall keep clients informed); Rule 1.5 (lawyer shall not charge excessive fee); Rule 1.15 (lawyer shall promptly deliver to client any funds or other property to which client is entitled); Rule 1.16(a)(1) (lawyer shall not represent client if representation violates Rules of Professional Conduct or other laws); Rule 3.4(c) (lawyer shall not knowingly disobey an obligation under the rules of a tribunal); Rule 5.5(a) (lawyer shall not engage in unauthorized practice of law); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice). In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law), and Rule 7(a)(6) (lawyer shall not violate the oath of office taken upon admission to practice law in this state). Finally, respondent admits he has violated Rule 30, RLDE, Rule 413, SCACR (requirements for lawyer upon suspension).

## CONCLUSION

We accept the Agreement for Discipline by Consent and indefinitely suspend respondent from the practice of law. The suspension shall be retroactive to the date respondent was placed on interim suspension. Within fifteen days of the date of this opinion, respondent shall surrender his certificate of admission to practice law in this state to the Clerk of Court and shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.