625 S.E.2d 210

**In the Matter of Scott L. HOOD, Respondent.**

**No. 26096.**

Supreme Court of South Carolina.

Submitted Dec. 5, 2005.

Decided Jan. 9, 2006.

Henry B. Richardson, Jr., Disciplinary Counsel, and Susan M. Johnston, Deputy Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Scott L. Hood, pro se, of Irmo.

30

**PER CURIAM:**

This matter is before the Court on a Petition for Reciprocal Discipline [1] and an Agreement for Discipline by Consent (Agreement) entered into by the Office of Disciplinary Counsel (ODC) and respondent. [2] In the Agreement, respondent admits misconduct and consents to either a two year definite suspension or an indefinite suspension from the practice of law. We accept the agreement and indefinitely suspend respondent from the practice of law in this state. Furthermore, we impose an eighteen (18) month suspension from the practice of law as reciprocal discipline. The suspensions shall be served concurrently and shall run retroactively from the date of respondent's interim suspension. [3] The facts, as set forth in the Agreement, are as follows.

## *FACTS*

### *I.*

In December 2004, respondent was retained to represent Client A's interest in a foreclosure action concerning property on which she held a judgment. Client A paid respondent $375.00 and gave him her original documents. Respondent sent her a filed copy of the Answer he had prepared but, subsequently, did not return any of her telephone calls and did not respond to the messages she left on his office door. Client A has not received a refund of her money or her original documents.

### *II.*

Client B retained respondent to file an appeal from a magistrate's court ruling in a civil suit against a car dealership. Client B gave respondent $750.00 in fees and $100.00 in costs. Respondent did not return Client B's telephone calls for updates on her case. Respondent closed his office and has

---

1. *See* Rule 29, RLDE, Rule 413, SCACR.

2. *See* Rule 21, RLDE, Rule 413, SCACR.

3. *See In the Matter of Hood,* 365 S.C. 330, 618 S.E.2d 295 (2005).

refused to communicate with Client B. Client B has since lost her car as well as the $850.00 she paid respondent.

## III.

Client C retained respondent to represent her in a consumer matter wherein Client C was wrongly reported to have filed for bankruptcy. Client C's deposition was scheduled; without notice to her, respondent changed the deposition date. Client C was unable to locate respondent for some time. Client C's deposition was subsequently taken. Her legal matter has not been resolved.

## IV.

The United States Bankruptcy Court suspended respondent from filing new bankruptcy cases for a period of at least eighteen months, with conditions. The Bankruptcy Court determined respondent had violated its rules regarding electronic filing and had perjured himself by attesting that his clients had signed the original documents when they had not. Additionally, the Bankruptcy Court determined that several of respondent's cases had administrative deficiencies which had not been corrected.[4]

## V.

Respondent was paid $200.00 to update two (2) wills. Respondent repeatedly missed appointments with the clients and did not prepare the wills or refund the fee.

## VI.

Clients retained respondent to represent them in a bankruptcy filing. Months later, respondent wrote and told the clients that their house might be foreclosed because they had not paid their mortgage. The clients were unable to locate respondent during this period of time and are now unable to produce the large cash payment necessary to avoid foreclosure. The clients are expecting to lose their home.

---

4. The Petition for Reciprocal Discipline stems from the action by the Bankruptcy Court.

*VII.*

Respondent failed to comply with a final decision of the Resolution of Fee Disputes Board directing him to pay a construction company $700.00. The certificate of non-compliances is dated July 25, 2005.

*VIII.*

In November 2003, Client D retained respondent to handle a mortgage foreclosure. In August 2004, respondent told Client D that he was waiting for a court date. Client D received a letter from respondent dated June 30, 2005, in which respondent advised that the court had ruled on the foreclosure and his property would proceed to sale. Respondent told Client D that the hearing was "last minute" and he did not have time to contact Client D to advise him of the hearing. Client D later learned from the Clerk's Office that the hearing notice was sent on May 27, 2005 and that the hearing was on June 30, 2005. Client D hired another attorney and learned that respondent had agreed to the foreclosure sale without consulting with him.

Respondent admits that, while undertaking a career change, he did not take the action necessary to protect his clients during the transition. Respondent asserts he does not believe he will ever desire to practice law again.

Respondent states he consented to the Court placing him on interim suspension and that he has assisted the attorney appointed to protect his clients' interests. He further notes he signed a consent order with the Bankruptcy Court in which he agreed not to accept any new cases for a period of at least eighteen (18) months.

***LAW***

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing clients); Rule 1.4

(lawyer shall keep clients informed); Rule 1.5 (lawyer shall not charge excessive fee); Rule 1.15 (lawyer shall promptly deliver to client any funds or other property to which client is entitled); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with the interests of his client); Rule 3.3 (lawyer shall not knowingly make a false statement of material fact or law to a tribunal); Rule 3.4(c) (lawyer shall not knowingly disobey an obligation under the rules of a tribunal); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice).[5] In addition, respondent admits his misconduct constitutes grounds for discipline pursuant to Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(2) (lawyer shall not engage in conduct violating the applicable rules of professional conduct of another jurisdiction), Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law), and Rule 7(a)(10) (lawyer shall not willfully fail to comply with a final decision of the Resolution of Fee Disputes Board).

## CONCLUSION

We accept the Agreement for Discipline by Consent and indefinitely suspend respondent from the practice of law. In addition, we suspend respondent from the practice of law for eighteen (18) months. The suspensions shall be served concurrently and shall run retroactively from the date respondent was placed on interim suspension.

---

5. Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.

Within thirty (30) days of the date of this opinion, respondent shall pay restitution to all clients, other persons, and entities who have incurred losses as a result of respondent's misconduct in connection with this matter. Within thirty (30) days of the date of this opinion, respondent shall also reimburse the Lawyers' Fund for Client Protection for any claims paid as a result of his misconduct in connection with this matter. ODC shall advise the Court that respondent has paid the restitution required by this order.

Within fifteen days of the date of this opinion, respondent shall surrender his certificate of admission to practice law in this state to the Clerk of Court and shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION; INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur. WALLER, J., not participating.