653 S.E.2d 269

**In the Matter of Dane A. BONECUTTER, Respondent.**

No. 26387.

Supreme Court of South Carolina.

Submitted Sept. 28, 2007.

Decided Nov. 5, 2007.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

J. Steedley Bogan, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an

Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of any sanction ranging from a letter of caution to a definite suspension not to exceed two (2) years. *See* Rule 7(b), RLDE, Rule 413, SCACR. He requests the suspension be made retroactive to the date of his interim suspension.[1] We accept the Agreement and impose a definite suspension of two years, retroactive to the date of respondent's interim suspension. The facts, as set forth in the Agreement, are as follows.

## FACTS

On February 3, 2005, respondent's membership in the South Carolina Bar was suspended due to his non-compliance with continuing legal education (CLE) requirements for 2002. Respondent represents he failed to comply with the CLE requirements due to financial difficulties. On March 6, 2003, respondent's membership in the South Carolina Bar was suspended due to non-payment of his 2003 license fee. Respondent represents he failed to pay the license fee due to financial difficulties. On April 11, 2003, the Court issued an order suspending respondent from the practice of law due to his failure to correct the foregoing requirements for membership in the Bar.

Notwithstanding his suspensions, respondent continued to work for an attorney through November 2003. Respondent represents his job consisted of clerical duties as he did not appear in court or sign letters or pleadings. From mid-December 2003 to January 2, 2004, respondent was employed as a contract attorney for Nextra Litigation Solutions, LLC, on a document review project.

Thereafter, respondent worked as a paralegal for a law firm from April 26, 2004, to June 11, 2004. Respondent represented to the firm that his law license was on inactive status when, in fact, he was suspended. Respondent represents that he misunderstood the rules at the time and honestly believed that his license was inactive due to the fact that he had been administratively suspended as opposed to suspended for an

---

1. Respondent was placed on interim suspension on March 11, 2005. *In the Matter of Bonecutter,* 363 S.C. 110, 610 S.E.2d 503 (2005).

ethical violation. Further, respondent represents he was unaware at the time that Rule 34, RLDE, Rule 413, SCACR, prohibits a suspended lawyer from working in any capacity connected with the law.

Respondent was reinstated to the practice of law on June 28, 2004. On August 4, 2004, respondent was served with a Notice of Full Investigation requiring him to respond to the allegations within thirty (30) days pursuant to Rule 19(c)(3), RLDE, Rule 413, SCACR. Respondent failed to respond to the notice within thirty (30) days. Although he contacted ODC before he received the Notice of Full Investigation, respondent now realizes that this did not excuse him from responding to the notice. Respondent represents he was depressed over his financial situation and, as a result, failed to properly respond to the Notice of Full Investigation.

Respondent remained unemployed until March 7, 2005, when he accepted a position as an associate attorney with a law firm. Respondent immediately advised his supervisor of his March 11, 2005 interim suspension.[2] He is no longer employed by the firm.

Respondent was admitted to the Ohio Bar in 1986[3] and the South Carolina Bar in 1999. He has no prior disciplinary history in this state. Since being placed on interim suspension, respondent has fully cooperated with ODC. Respondent represents that he is no longer suffering from any meaningful depression.

## *LAW*

 Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (it shall be a ground for discipline for lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers); Rule 7(a)(3) (it shall be a ground for discipline for lawyer to willfully violate an order of the Supreme Court or knowingly

---

**2.** The interim suspension stemmed from respondent's failure to respond to the Notice of Full Investigation. Rule 17(c), RLDE, Rule 413, SCACR.

**3.** The Supreme Court of Ohio suspended respondent on April 8, 2005 for non-compliance with Ohio CLE requirements and failure to pay a fine for non-compliance.

418

fail to respond to a lawful demand from a disciplinary authority); Rule 7(a)(5) (it shall be a ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(7) (it shall be a ground for discipline for lawyer to willfully violate a court order). In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 5.5(a) (lawyer shall not practice law in violation of regulations of the legal profession); Rule 8.1(b) (lawyer shall not knowingly fail to respond to a lawful demand from a disciplinary authority); Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct); and Rule 8.4(d) (it is professional misconduct for lawyer to engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

## CONCLUSION

We accept the Agreement for Discipline by Consent and impose a definite suspension of two years, retroactive to the date of respondent's interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.