668 S.E.2d 791

**In the Matter of Blaine T. EDWARDS, Respondent.**

**No. 26556.**

Supreme Court of South Carolina.

Submitted Sept. 29, 2008.

Decided Oct. 27, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Blaine T. Edwards, of Greenville, pro se.

PER CURIAM:

This attorney disciplinary matter is before the Court pursuant to the reciprocal disciplinary provisions of Rule 29, RLDE, Rule 413, SCACR.

## *FACTS*

Respondent is licensed to practice law in South Carolina, the United States District Court for the District of South Carolina (USDC), and the United States Bankruptcy Court for the District of South Carolina (Bankruptcy Court). On August 16, 2006, the Court placed respondent on interim suspension. *In the Matter of Edwards*, 370 S.C. 74, 634 S.E.2d 645 (2006). As a result of his interim suspension, the USDC automatically suspended respondent on August 29, 2006. *See* Local Rule 83.I.08 (D.S.C. (RDE Rule II(G)) ("If an attorney admitted to practice before [the USDC] is disbarred or suspended by the Supreme Court of South Carolina, [the USDC] shall immediately order the identical disciplinary actions. . . ."). On September 20, 2006, the Bankruptcy Court suspended respondent as a consequence of his suspension before the USDC. *See* Local Rule 83.IX.02 ("Pursuant to

Bankruptcy Rule 9029m the Bankruptcy Judges of this District are hereby authorized to make such rules of practice and procedure as they may deem appropriate; provided, however, that in promulgating the rules governing the admission or eligibility to practice in the Bankruptcy Court, the Bankruptcy Judges shall require District Court admission....").

In the meantime, in connection with actions filed by Gary and Dana Henderson and James and Kathryn Henson, the Bankruptcy Court had issued an order requiring respondent to appear to explain his failure to provide competent and diligent representation to the Hendersons and the Hensons, to show cause why his fees should not be disgorged, and to show cause why further sanctions should not be imposed including, but not limited to, suspension from practice before the Bankruptcy Court and/or disgorgement of fees in other cases. *See* Bankruptcy Court order dated August 25, 2006.

Respondent appeared before the Bankruptcy Court on August 31, 2006 hearing. By order dated September 5, 2006, the Bankruptcy Court found respondent had failed to file documents by the required deadlines which resulted in the dismissal of the Hendersons' and Hensons' bankruptcy petitions and ordered respondent to disgorge his attorney's fees within five (5) days. The judge continued the Rule to Show Cause hearing to consider other sanctions until September 21, 2006.

Respondent did not appear at the Rule to Show Cause hearing. On October 4, 2006, the Bankruptcy Court issued an order again requiring respondent to disgorge the balance of fees received from the Hendersons and Hensons within ten (10) days.[1] In particular, the court noted:

> [i]nasmuch as [respondent] is presently suspended from practice before this [Bankruptcy] Court, as a consequence of the [August 29, 2006 USDC] suspension, the [Bankruptcy] Court need not take further immediate action regarding his ability to currently practice in this [Bankruptcy] Court, except that *[respondent's] suspension from practice before this [Bankruptcy] Court shall continue, regardless of reinstatement by the [USDC], until further order of this [Bankruptcy] Court* ... Reinstatement to practice before this

---

1. Respondent had repaid a portion of the fees to the Henderson and Hensons.

[Bankruptcy] Court may be conditioned upon his compliance with orders of this [Bankruptcy] Court and such other conditions as this [Bankruptcy] Court may impose.

(Underline added).

The Bankruptcy Court continued the first Rule to Show Cause hearing and issued a second Rule to Show Cause order directing respondent to appear on October 19, 2006 "to show cause why further sanctions should not be imposed or limits placed on his ability to gain reinstatement to practice before this [Bankruptcy] Court based upon his representation of [the Hendersons and Hensons] in these cases *and in all other cases filed in this [Bankruptcy] Court in which he failed to file documents on behalf of his clients.*"

(Underline added).

Respondent appeared for the show cause hearings on October 19, 2006. The Bankruptcy Court's October 24, 2006 order provides:

*[t]he [Bankruptcy] Court orders that [respondent] shall be suspended from practice before this [Bankruptcy] Court, notwithstanding any intervening reinstatement by other courts within this District, until such time as [respondent] brings a motion for reinstatement to practice. . . . The motion for reinstatement shall be heard by the undersigned as Chief Bankruptcy Judge for this District who may place conditions and limitations on [respondent's] ability to be reinstated to practice before this [Bankruptcy] Court,* including, but not limited to [respondent] complying with the orders of this [Bankruptcy] Court disgorging his attorney's fees to his clients, [respondent] demonstrating that he is able to provide competent and diligent representation to clients, and [respondent] attending continuing legal education classes in the area of ethics and bankruptcy.[2]

(Underline added).

The Bankruptcy Court amended its October 4, 2006 order to reflect the additional conditions regarding respondent's suspension before the court. It dissolved the two Rules to Show

---

**2.** The order specifies that respondent agreed to the terms of the order.

Cause, but stated the orders concerning disgorgement of fees remained in effect.

On June 9, 2008, ODC filed a certified copy of the Bankruptcy Court's January 4, 2007 Supplemental Order in *In re Storay*. In that order, the Bankruptcy Court discussed respondent's failure to pursue thirty (30) bankruptcy petitions, the resulting dismissal of twenty-four (24) of the cases, respondent's concession that he had no funds to repay the twenty-four (24) clients' retainers, and his agreement that he should be required to repay the twenty-four (24) clients, with interest, before reinstatement by the Bankruptcy Court. The Bankruptcy Court's order provides:

> It is therefore ordered that *[respondent] shall repay to the debtors in the 24 cases which were dismissed as a result of his failure to file schedules and statements all of the fees, including filing fees, paid to him by the debtors in those cases. [Respondent] shall also pay interest on those fees from October 16, 2005, until the date of repayment at the rate of eight and one-half percent per annum. In the event that [respondent] seeks reinstatement to practice before this [Bankruptcy] Court, he shall first be required to produce satisfactory proof of payment of the fees ordered to be repaid herein. [Respondent] shall also provide twenty-day (20) written, advance notice to the debtors in the 24 dismissed cases of any application seeking reinstatement to practice before this [Bankruptcy] Court* so that the debtors may have the opportunity to be heard on the merits of the application. This Order supplements the terms in conditions regarding [respondent's] ability to gain reinstatement to practice before this [Bankruptcy] Court as set forth in *In re Henderson*, 360 B.R. 477 (Bankr.D.S.C. 2006).[3]

Bankruptcy Court Supplemental Order dated January 4, 2007.

Pursuant to Rule 29(b), RLDE, the Clerk provided the Office of Disciplinary Counsel (ODC) and respondent with thirty (30) days in which to inform the Court of any reason why the imposition of identical discipline was not warranted. ODC filed a response stating the Bankruptcy Court's suspen-

---

**3.** The August 25, 2006, September 5, 2006, October 4, 2006, October 24, 2006, and January 1, 2007 Bankruptcy Court orders were issued by John E. Waites, Chief Bankruptcy Judge for the USDC.

sion was equivalent to a definite suspension of up to two years under Rule 7(b), RLDE, and, further, that it had no information to indicate that the issuance of the same discipline by the Court would not be warranted. Respondent filed a response stating that Rule 29 is inapplicable because reciprocal discipline only applies when discipline has been issued by a court physically located outside of South Carolina.

## LAW

Rule 29(a), RLDE, provides that "[u]pon notification from any source that a lawyer within the jurisdiction of the Commission [on Lawyer Conduct] has been disciplined ... in another jurisdiction, disciplinary counsel shall obtain a certified copy of the disciplinary order and file it with ... the Supreme Court." After receipt of the certified order "demonstrating that a lawyer admitted to practice in this state has been disciplined ... in another jurisdiction," the Court is required to issue a notice to the lawyer and ODC seeking a response concerning whether identical discipline is warranted. Rule 29(b), RLDE.

Rule 29(d), RLDE, further provides that, after the expiration of the time for a response, the Court shall impose identical discipline unless the attorney or ODC demonstrate or the Court finds that "it clearly appears upon the face of the record from which the discipline is predicated" that the identical discipline is improper for one of several stated reasons including: 1) the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; 2) infirmity of proof of the misconduct; 3) imposition of the same discipline by the Court would result in grave injustice; 4) the established misconduct warrants substantially different discipline in this state; and 5) the reason for the original transfer to incapacity inactive status no longer exists.

Rule 29, RLDE, authorizes this Court to impose reciprocal discipline on a lawyer who was disciplined "in another jurisdiction." Contrary to respondent's assertion, Rule 29 does not require that the other jurisdiction be located outside the borders of this State in order for its provisions to apply. Moreover, on at least one occasion, the Court has imposed reciprocal discipline on a lawyer who was sanctioned by the

same Bankruptcy Court which disciplined respondent in the instant matter. *In the Matter of Hood,* 367 S.C. 29, 625 S.E.2d 210 (2006).

In summary, the Bankruptcy Court's orders: 1) directed that respondent remain suspended, regardless of his reinstatement by the USDC and 2) ordered him to repay all of the fees, including filing fees, (plus interest) paid by the twenty-four (24) bankruptcy clients. *See* October 24, 2006 Bankruptcy Court order and January 4, 2007 Bankruptcy Court order. The orders further required that, if respondent seeks reinstatement, he must 1) provide proof of restitution to the twenty-four (24) clients, 2) provide twenty (20) days advance notice of his application to seek reinstatement, and 3) appear before the Chief Bankruptcy Judge. *See* October 24, 2006 and January 4, 2007 Bankruptcy Court orders.

We find that the sanction imposed by the Bankruptcy Court is most similar to a two (2) year definite suspension with the requirement of repayment of unearned attorney's fees or costs under the RLDE. *See* Rules 7(b) (sanctions) and 33 RLDE (provisions regarding reinstatement following definite suspension from nine months to two years). Further, we find that the same sanction is proper as reciprocal discipline in this matter. *See generally In the Matter of Drayton,* 359 S.C. 138, 597 S.E.2d 791 (2004) (indefinite suspension appropriate where lawyer failed to refund unearned fee to bankruptcy client, failed to timely withdraw from representation of clients in bankruptcy court, and committed other misconduct); *In the Matter of Gaines,* 348 S.C. 208, 559 S.E.2d 577 (2002) (Court noted two year suspension would be appropriate for lawyer's lack of diligence in client matters and submission of improper documents to courts, among other misconduct, but disbarred lawyer due to his previous disciplinary history); *In the Matter of Strait,* 343 S.C. 312, 540 S.E.2d 460 (2000) (six month and one day suspension appropriate for lawyer's failure to diligently represent two domestic clients and failure to submit paperwork for bankruptcy client, resulting in dismissal of case, among other misconduct); *In the Matter of Jones,* 340 S.C. 388, 532 S.E.2d 281 (2000) (thirty day suspension appropriate where lawyer failed to enter responsive pleading resulting in default judgment and committed other misconduct). Accordingly, we hereby suspend respondent from the practice of law

in this state for two (2) years, retroactive to August 16, 2006, the date of his interim suspension. *In the Matter of Edwards, supra.* In addition, respondent shall repay the twenty-four bankruptcy clients as ordered by the Bankruptcy Court's orders. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.