748 S.E.2d 216

**In the Matter of Robert W. MANCE, Respondent.**

Appellate Case No. 2013–000916.

No. 27312.

Supreme Court of South Carolina.

Submitted Aug. 13, 2013.
Decided Sept. 4, 2013.

Lesley M. Coggiola, Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

Robert W. Mance, of the District of Columbia, pro se.

PER CURIAM.

By way of the attached opinion of the District of Columbia Court of Appeals, respondent was suspended from the practice of law for six months following misconduct in three client matters. *In re Mance*, 35 A.3d 1125 (D.C.2012). The Maryland Court of Appeals subsequently imposed an indefinite

suspension as reciprocal discipline against respondent.[1] *Attorney Grievance Comm'n of Md. v. Mance*, 430 Md. 413, 61 A.3d 59 (2013). By letter dated February 6, 2013, respondent notified the Clerk of this Court of his suspensions in both jurisdictions.

The Clerk of this Court sent a letter via certified mail to respondent notifying him that, pursuant to Rule 29(b), RLDE, Rule 413, SCACR, he had thirty (30) days in which to inform the Court of any claim he might have that identical discipline in this state is not warranted and reasons for such claim. Though respondent signed the certified mail receipt, he did not respond to the Clerk's notice. The Office of Disciplinary Counsel filed a response stating it had no information that would indicate the imposition of identical discipline in this state is not warranted.

We find a six-month suspension is the appropriate sanction to impose as reciprocal discipline in this matter. *See In re Cooper*, 397 S.C. 339, 725 S.E.2d 491 (2012); *In re Strait*, 343 S.C. 312, 540 S.E.2d 460 (2000); *In re Acker*, 308 S.C. 338, 417 S.E.2d 862 (1992). We also find a sufficient attempt has been made to serve notice on respondent, and find none of the factors in Rule 29(d), RLDE, Rule 413, SCACR, present in this matter. We therefore suspend respondent from the practice of law for six months for the misconduct set forth in the opinion of the District of Columbia Court of Appeals.

Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

---

1. As noted by the Maryland Court of Appeals in its opinion suspending respondent from the practice of law, Maryland does not have an express equivalent sanction in its attorney discipline regulatory scheme. However, an indefinite suspension in Maryland is the functionally equivalent sanction because respondent must satisfy a fitness requirement in order to be reinstated in the District of Columbia.