759 S.E.2d 721

**In the Matter of Amelia H. LORENZ, Respondent.**

**Appellate Case No. 2014–000290.**

**No. 27378.**

Supreme Court of South Carolina.

Submitted Feb. 25, 2014.

Decided April 9, 2014.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both for Office of Disciplinary Counsel.

Amelia Holt Lorenz, Pro Se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to any period of definite suspension or to disbarment. Respondent requests that the sanction be made retroactive to November 1, 2012. We accept the Agreement and disbar respondent from the practice of law in this state, retroactive to the date of interim suspension. In the Agreement, respondent acknowledges being in default on the formal charges. She admits the material portions of the factual allegations and the allegations of rule violations set forth in the formal charges as follows.

### *Facts*

On July 26, 2012, respondent conducted a real estate closing on behalf of a client but did not pay off the client's mortgage or record the deed in a timely manner. Sometime shortly after the closing, respondent closed her practice and moved to Georgia. She did not provide her title insurance company with her new contact information, nor did she update her

contact information with the South Carolina Bar or in the Attorney Information System.

By September 2012, respondent owed the title insurance company approximately $4,533.24 in title insurance premiums on approximately twenty-five closings. The title company incurred $200 in fees to retain a law firm to conduct title searches.

Respondent did not respond to the notice of investigation, a subpoena for the files and financial records from the closing discussed above, or any correspondence from ODC, and failed to appear for two interviews. ODC's review of trust account records obtained from the bank revealed counter withdrawals and miscellaneous debits. Without respondent's accounting records or her cooperation in the investigation, ODC has no explanation for the transactions and no way to determine whether funds from respondent's closings were disbursed appropriately or in a timely manner.

As noted, respondent was placed on interim suspension on November 1, 2012, but she has not filed the affidavit required by Rule 30(g), RLDE, Rule 413, SCACR, nor has she delivered her files or otherwise cooperated with the attorney appointed to protect her clients' interests.

### *Law*

Respondent admits that by her conduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client, which requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation); Rule 1.2 (a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall communicate with the client); Rule 1.15(d) (upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person and shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to); Rule 1.16 (requirements when terminating representation); and Rule 8.1 (a lawyer in connection with a disciplinary matter

shall not fail to respond to a lawful demand for information from a disciplinary authority).

 Respondent also admits she has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1)(it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers); Rule 7(a)(3)(it shall be a ground for discipline for a lawyer to willfully violate a valid order of the Supreme Court, Commission or panels of the Commission in a proceeding under these rules, willfully fail to appear personally as directed, willfully fail to comply with a subpoena issued under these rules, or knowingly fail to respond to a lawful demand from a disciplinary authority to include a request for a response or appearance under Rule 19(b)(1), (c)(3) or (c)(4)); Rule 7(a)(5)(it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); Rule 7(a)(6)(it shall be a ground for discipline for a lawyer to violate the oath of office taken to practice law in this state); and Rule 7(a)(7)(it shall be a ground for discipline for a lawyer to willfully violate a valid court order issued by a court of this state). Finally, respondent admits she has violated Rule 410, SCACR, by failing to update her contact information with the Bar and in AIS, and Rule 417, SCACR, by failing to follow financial recordkeeping requirements.

Respondent has agreed to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct within ninety days of the imposition of discipline.

### Conclusion
 We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state, retroactive to the date of interim suspension. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR, and shall also surrender her Certificate of Admission to the Practice of Law to the Clerk of Court. Within ninety days of the date of this

opinion, respondent shall, as set forth in the Agreement, pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct.

**DISBARRED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.