# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Joel F. Geer, Respondent.

Appellate Case No. 2017-000273

Opinion No. 27787
Heard March 5, 2018 – Filed March 28, 2018

### DEFINITE SUSPENSION

Disciplinary Counsel John S. Nichols and Senior
Assistant Disciplinary Counsel Ericka M. Williams, for
the Office of Disciplinary Counsel.

Joel F. Geer, Respondent, *pro se*, of Greenville.

Lance S. Boozer, Guardian Ad Litem, *pro se*.

**PER CURIAM:**   In this attorney disciplinary matter, a hearing panel of the
Commission on Lawyer Conduct (Panel) issued a report recommending that
Respondent Joel F. Geer be disbarred; that he be ordered to pay the costs of the
disciplinary proceedings; and that he be ordered to pay restitution.  Neither the
Office of Disciplinary Counsel (ODC) nor Respondent took exception to the
Panel's report.  For the reasons that follow, we find the appropriate sanction is a
three-year definite suspension and the payment of costs of the disciplinary
proceedings.  We further order Respondent to pay $31,794.92 in restitution.

### I.

On April 10, 2015, the Court placed Respondent on interim suspension and
appointed a receiver to protect the interests of Respondent's clients. *In re Geer*,
412 S.C. 124, 771 S.E.2d 345 (2015).  Formal Charges were filed against
Respondent in July 2015, and Supplemental Formal Charges were filed against

him in August 2016. As a result of Respondent's failure to answer either set of charges, the following allegations against him were deemed admitted pursuant to Rule 24(a), RLDE, Rule 413, SCACR.

## Matter I

In 2013, Respondent represented a limited liability company (LLC) in collecting money owed by a customer, and Respondent obtained a confession of judgment in favor of the LLC in the amount of $31,794.92. Before the judgment was satisfied, the customer filed bankruptcy. Respondent prepared a Proof of Claim but failed to file it with the bankruptcy court. The bankruptcy estate had sufficient assets to pay the debt owed to the LLC, but by the time the LLC secured alternate counsel, its claim was time-barred.

## Matter II

Respondent was administratively suspended from the practice of law on March 14, 2014, for failing to pay his annual license fees as required by Rule 401, SCACR; Respondent was reinstated on March 26, 2014. Prior to being reinstated, however, Respondent engaged in the unauthorized practice of law when he filed pleadings in circuit court on behalf of a shareholder client on March 17, 2014. Subsequently, the circuit court ordered that all corporate funds in the possession of Respondent's client be deposited with a court-appointed receiver and denied Respondent's request to receive attorney's fees from those funds. In disregard of the circuit court's order, attorney's fees were withheld prior to the funds being turned over to the receiver. Ultimately, Respondent's law firm remitted the withheld funds but only after the circuit court issued a Rule to Show Cause why Respondent should not be held in contempt. Throughout the pendency of the matter in circuit court, Respondent failed to respond to telephone calls and emails from court staff, failed to appear at multiple hearings, and failed to timely comply with court orders and sanctions imposed by the circuit court.

## Matter III

In June 2014, Respondent accepted a fee of $250 to represent a client in connection with a car loan issue. Several months later, Respondent cancelled several meetings with the client, then stopped communicating with the client altogether. Eventually, the client's emails to Respondent were returned with a message that Respondent's

email domain name was no longer valid.  The client retained new counsel to assist him with his case.[1]

*Failure to Comply with Rule 30, RLDE, Following Suspension*

The following year, Respondent was again administratively suspended, not only for failing to pay his annual license fees but also for failing to meet continuing legal education requirements.  Further, on April 10, 2015, Respondent was placed on Interim Suspension and this Court appointed a receiver to protect Respondent's clients' interests.  *In re Geer*, 412 S.C. 124, 771 S.E.2d 345 (2015).  In addition to appointing the Receiver, this Court also ordered Respondent to cooperate with the Receiver, respond to the Receiver's requests for information and documents, and comply with the requirements of Rule 30, RLDE, Rule 413, SCACR.

Respondent failed to comply with Rule 30 and failed to cooperate with the Receiver or turn over his client files, bank records, and mail.  Accordingly, the Court issued a Rule to Show Cause why Respondent should not be held in civil and criminal contempt of Court.  Following a hearing in November 2015, this Court held Respondent in civil contempt for failing to comply with our directives, but we suspended any period of incarceration upon Respondent's compliance with certain stated conditions and held in abeyance any finding regarding Respondent's criminal contempt.  Thereafter, Respondent met with the Receiver and turned over client files and his bank records, thus purging himself from civil contempt.  We therefore declined to hold Respondent in criminal contempt.

*Failure to Cooperate*

Additionally, Respondent failed to communicate with ODC or cooperate with the ODC investigation.  Although Respondent submitted a written response to the first notice of investigation in August 2014, Respondent thereafter failed to respond to subsequent notices of investigation, follow-up letters pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), the Formal Charges, or the Supplemental Formal Charges.  Respondent also failed to appear when subpoenaed by ODC or when ordered to do so by the Panel.

---

[1] In separate documents submitted to this Court, ODC indicated that its review of Respondent's client file in this matter revealed Respondent did perform some work on behalf of the client and that the $250 fee paid by the client was reasonable and earned.  We modify the Panel report accordingly.

*Failure to Update Contact Information*

Throughout these disciplinary proceedings, Respondent failed to communicate with this Court and failed to maintain current and accurate contact information in the Attorney Information System (AIS) despite the requirements of Rule 410(g), SCACR, and direct orders from this Court. As a result, ODC, the Panel, and this Court have had to resort to the extraordinary method of personally serving Respondent with notice and other documents through the South Carolina Law Enforcement Division (SLED).

## II.

In addition to the above misconduct, which is deemed admitted, the Panel considered two aggravating circumstances—namely, Respondent's pattern of misconduct and his continuing and persistent failure to cooperate with the investigation or appear when ordered to do so. Accordingly, the Panel recommended that Respondent be disbarred; that he be ordered to pay the costs of the disciplinary proceedings; and that he be ordered to pay restitution. No exceptions were taken.

This matter was initially scheduled for oral argument before this Court on September 6, 2017; however, the Court became concerned about Respondent's mental health. We therefore continued the hearing and appointed Lance S. Boozer as guardian ad litem to represent Respondent's interests.[2]

The hearing was reconvened on March 5, 2018. At the outset of the hearing, the guardian ad litem explained to the Court that since being appointed, he had made fourteen separate attempts to contact Respondent via multiple methods of communication; however, Respondent never answered or responded to any of these attempts. Nevertheless, Respondent unexpectedly appeared at the hearing mere seconds before it began; therefore, the guardian ad litem requested, and we permitted, a brief recess for Respondent and the guardian ad litem to confer. Thereafter, the Members of the Court questioned Respondent extensively. During this colloquy, Respondent indicated that he continued to hold stable employment, supported himself, and took medication to assist him in his daily life. After this careful examination, we concluded Respondent was competent to participate in the proceeding.

---

[2] We commend Mr. Boozer for his professionalism and diligent service as guardian ad litem.

In addressing the Court, Respondent acknowledged his persistent failure to respond to disciplinary counsel, the guardian ad litem, and this Court, as well as his failure to participate or cooperate in the disciplinary process. Although acknowledging these failures, Respondent contended they were not willful, attributing them to his numerous documented mental health issues.

## III.

This Court "may accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the Commission [on Lawyer Conduct]." Rule 27(e)(2), RLDE, Rule 413, SCACR. "Because Respondent has been found in default and, thus, is deemed to have admitted all of the factual allegations, the sole question before the Court is whether to accept the Panel's recommended sanction." *In re Jacobsen*, 386 S.C. 598, 606, 690 S.E.2d 560, 564 (2010).

We find Respondent committed misconduct in violation of the following Rules of Professional Conduct, Rule 407, SCACR: 1.1 (competence); 1.2 (consult with client); 1.3 (diligence); 1.4 (communication); 1.15(g) (use of entrusted property); 1.16(c) (terminating representation); 1.16(d) (protect clients' interests upon termination of representation); 3.4(c) (knowingly disobey obligation under rules of tribunal); 5.5 (unauthorized practice of law); 8.1(b) (failure to respond); 8.4(d) (conduct involving dishonesty, fraud, deceit, or misrepresentation); and 8.4(e) (conduct prejudicial to the administration of justice). We also find there is clear and convincing evidence Respondent violated Rule 410(g), SCACR (duty to verify and update AIS), and Rules 30 (duties following suspension) and 31 (receivership), RLDE, Rule 413, SCACR.

We therefore conclude Respondent is subject to discipline pursuant to the following subsections of Rule 7, RLDE, Rule 413, SCACR: (a)(1) (violating the Rules of Professional Conduct); (a)(3) (willfully violating an order of the Court or the Panel or knowingly failing to respond to lawful demands from ODC); (a)(5) (engaging in conduct tending to pollute the administration of justice); and (a)(7) (willfully violating a valid court order).

Although we are sympathetic to Respondent's substantial, well-documented mental health issues, "we must weigh this sympathy against our duty to protect the public from lawyers who may lack the present ability to adequately represent their clients in the courts of this State." *In re Longtin*, 393 S.C. 368, 380, 713 S.E.2d 297, 303 (2011). Therefore, in light of the seriousness and extent of Respondent's

misconduct, we find the appropriate sanction is definite suspension for a period of three years from the date of this opinion. *See Longtin*, 393 S.C. at 380–81, 713 S.E.2d at 303–04 (imposing, in light of attorney's mental health diagnosis, a nine-month definite suspension for misconduct including the failure to obey orders of a judge; failure to respond to clients and ODC investigation; practice of law while on interim suspension; failure to timely pay case-related expenses; and failure to file a deed for a client); *In re Bonecutter*, 375 S.C. 414, 416–17, 653 S.E.2d 269, 270–71 (2007) (imposing two-year definite suspension for attorney's misconduct in failing to respond to notice of disciplinary investigation and failing to comply with Rule 30, RLDE, while on interim suspension); *In re Davis*, 366 S.C. 344, 347–52, 622 S.E.2d 529, 530–33 (2005) (imposing two-year definite suspension for attorney's failure to comply with Rule 30, RLDE; failure to pay case-related expenses and refund unearned fees; and failure to respond to notice of investigation or turn over client files); *In re Drayton*, 359 S.C. 138, 140–41, 597 S.E.2d 791, 792–93 (2004) (imposing indefinite suspension for attorney's failure to perform work and filing pleadings with a court while on interim suspension); *cf. In re Lorenz*, 408 S.C. 324, 325–28, 759 S.E.2d 721, 722–24 (2014) (disbarring attorney for failure to pay off mortgage, record deed, and remit title insurance premiums in connection with a real estate closing; failing to respond to ODC or cooperate with the attorney appointed to protect her clients' interests; and failing to maintain current contact information in AIS).

In addition to imposing a three-year definite suspension, we also order Respondent to pay the costs of the disciplinary proceedings and $31,794.92 in restitution. We further order Respondent to contact ODC within thirty (30) days of this opinion becoming final and enter into an agreement for the payment of restitution. Should Respondent fail to comply, upon affidavit to that effect by ODC, this Court reserves the right to issue a bench warrant for Respondent's arrest. Moreover, within fifteen (15) days of the date of this opinion becoming final, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**